STATE OF NORTH CAROLINA v. STEVEN LAMAR PARTRIDGE

No. COA02-1289

(Filed 6 May 2003)

**1. Appeal and Error— harmless error analysis—defective indictment**

Harmless error analysis is not appropriate where an indictment is fatally defective.

**2. Drugs— felonious possession of marijuana—indictment— amount not mentioned—sentencing for misdemeanor**

A conviction for felony possession of marijuana was vacated and remanded for sentencing for misdemeanor possession where the indictment did not mention the weight of the marijuana in defendant's possession, but the parties agreed during the charge conference that defendant had possessed 59.4 grams of marijuana, if any. The indictment did not charge an essential element of the crime and the court was without jurisdiction to allow the felony conviction, but the jury necessarily found all of the elements of misdemeanor possession.

Appeal by defendant from judgments dated 12 June 2002 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 April 2003.

*Attorney General Roy Cooper, by Special Deputy Attorneys General J. Allen Jernigan and William P. Hart, for the State.*

*William B. Gibson for defendant appellant.*

BRYANT, Judge.

Steven Lamar Partridge (defendant) appeals from judgments dated 12 June 2002 entered consistent with jury verdicts finding him guilty of (1) resisting, delaying, and obstructing a public officer and (2) possession of more than forty-two grams of marijuana.[1] On 1 October 2001, a grand jury returned a true bill of indictment against defendant for "Possession with Intent to Sell or Deliver a Controlled Substance" under N.C. Gen. Stat. § 90-95(a)(1) and "Possession of Schedule VI Controlled Substances" under N.C. Gen. Stat. § 90-95(a)(3).[2] The counts of the indictment were as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 18th day of July, 2001, in Mecklenburg County, [defendant] did unlawfully, wilfully and feloniously possess with intent to sell or deliver a controlled substance, to wit: marijuana, which is included in Schedule VI of the North Carolina Controlled Substances Act.

AND THE JURORS FOR THE STATE UPON THEIR OATH FURTHER PRESENT that on or about the 18th day of July, 2001, in Mecklenburg County, [defendant] did unlawfully, wilfully and feloniously possess a controlled substance, marijuana, which is included in Schedule VI of the North Carolina Controlled Substances Act.

The indictment made no mention of the weight of the marijuana defendant had in his possession. At trial, the parties agreed during the charge conference, however, that if defendant was in possession of any marijuana, he was in possession of fifty-nine point four (59.4) grams of marijuana.

[1] The dispositive issue is whether this Court should apply harmless error review to a fatally flawed indictment.

---

1. As defendant only assigns error to the felony possession of marijuana conviction, we do not address his resisting a public officer conviction. *See* N.C.R. App. P. 10.

2. The jury found defendant not guilty of possession with intent to sell or deliver a controlled substance.

Defendant argues that the weight of the marijuana is an essential element of felonious possession of marijuana. He further contends therefore that the failure of the indictment to include the amount of marijuana allegedly possessed was a fatal flaw in the indictment requiring its dismissal. The State does not deny that the amount of marijuana is an essential element of felonious possession but instead argues that omission of the weight was not jurisdictional, and accordingly, this Court should deem any error committed in the indictment to be harmless.

An indictment is "a written accusation by a grand jury, filed with a superior court, charging a person with the commission of one or more criminal offenses." N.C.G.S. § 15A-641(a) (2001). "North Carolina law has long provided that '[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court [acquires] no jurisdiction [whatsoever], and if it assumes jurisdiction a trial and conviction are a nullity.' " *State v. Neville*, 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992) (quoting *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966)). An indictment is fatally defective "if it wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998) (citation omitted) (internal quotations omitted). "When such a defect is present, it is well established that a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal." *Id.* "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). It is generally deemed prejudicial error for a trial court to allow a defendant to be convicted on a theory unsupported by an indictment. *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980); *see also State v. Hardy*, 298 N.C. 191, 199, 257 S.E.2d 426, 431 (1979) (defendant indicted for a criminal offense may be convicted of the offense charged or of a lesser-included offense, but may not be convicted of any other offense not supported by the indictment "whatever the evidence against him may be"). Therefore, harmless error analysis is generally not appropriate in cases where the indictment is fatally defective, and we decline the State's invitation to apply it to the facts of this case. *See State v. Scott*, 150 N.C. App. 442, 453-54, 564 S.E.2d 285, 294 (2002).

**[2]** In this case, the jury was required, in order to convict defendant, to find that defendant was in possession of more than one and one-half ounces (or approximately 42 grams) of marijuana. *See* N.C.G.S. § 90-95(d)(4) (2001). Section 90-95(d)(4) of the North Carolina General Statutes makes it a Class 3 misdemeanor to possess marijuana but increases the punishment level to a Class 1 misdemeanor for possession of more than one-half ounce of marijuana and if the weight exceeds one and one-half ounces, the punishment level is further raised to a Class I felony. *See* N.C.G.S. § 90-95(a)(3), (d)(4) (2001). Possession of more than one and one-half ounces of marijuana is thus an essential element of the crime of felony possession of marijuana. *See State v. Gooch*, 307 N.C. 253, 256, 297 S.E.2d 599, 601 (1982). Therefore, because the indictment charging defendant failed to allege defendant was in possession of more than one and one-half ounces, the trial court was without jurisdiction to allow defendant to be convicted of felony possession of marijuana. Accordingly, we must vacate the judgment on defendant's conviction of felony possession of marijuana (01 CRS 031057).

Defendant concedes that in convicting him of felonious possession of marijuana, the jury necessarily found all the elements of Class 3 misdemeanor possession of marijuana, without regard to the amount. We agree and hereby remand this case to the trial court for the imposition of judgment and appropriate sentencing on that lesser-included offense. *See Wilson*, 128 N.C. App. at 696, 497 S.E.2d at 422 (where indictment was fatally defective as to one charge but sufficient to support a lesser-included offense, and the jury would necessarily have found all the elements of the lesser-included offense, case remanded for imposition of judgment and sentencing on the lesser-included offense); *see also State v. Bullock*, 154 N.C. App. 234, 245, 574 S.E.2d 17, 24 (2002).

VACATED AND REMANDED for imposition of judgment and sentencing on Class 3 misdemeanor possession of marijuana.

Judges TIMMONS-GOODSON and GEER concur.