STATE OF NORTH CAROLINA v. ROBIN EUGENE LAND, DEFENDANT

No. COA11-1484

(Filed 6 November 2012)

**1. Indictment and Information—delivery of marijuana—weight of marijuana—remuneration received—not required to be alleged**

The indictment was sufficient in a delivery of marijuana case even though it did not allege either the weight of the marijuana or that defendant received remuneration for the delivery. The State was required to allege in the indictment only that defendant transferred marijuana to another person. The weight of the marijuana and defendant's receipt of remuneration were evidentiary facts that the State must have proved at trial, but need not have alleged in the indictment.

**2. Drugs—delivery of marijuana—sufficiency of evidence**

The trial court did not err in a delivery of marijuana case by denying defendant's motion to dismiss for insufficient evidence. The State's evidence was sufficient to establish delivery under N.C.G.S. § 90-95(a)(1) even if defendant did not personally profit from the transaction. Further, the chemical analysis of the substance was sufficient, for purposes of the motion to dismiss, to prove that the material delivered was marijuana.

STATE v. LAND

[223 N.C. App. 305 (2012)]

**3. Drugs—delivery of marijuana—jury instructions—plain error review—effective assistance of counsel**

The trial court did not commit plain error in a delivery of marijuana case by (1) failing to instruct the jury that delivery of less than five grams of marijuana for no remuneration is not a delivery and (2) failing to instruct the jury on the lesser-included offense of simple possession of marijuana. Although the trial court erred by not instructing the jury that in order to prove delivery, the State was required to prove that defendant transferred the marijuana for remuneration, the jury probably would not have reached a different verdict with regard to the delivery charge if properly instructed. Further, given the evidence, defendant failed to show that the trial court committed plain error in failing to instruct on simple possession. Finally, since the trial court did not commit plain error by failing to give these instructions, defendant could not establish the necessary prejudice required to show ineffective assistance of counsel for failure to request the instructions.

Judge Elmore dissenting.

Appeal by defendant from judgments entered 14 December 2010 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 May 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Ebony J. Pittman, for the State.*

*Don Willey for defendant-appellant.*

GEER, Judge.

Defendant Robin Eugene Land appeals from his convictions of possession with intent to sell or deliver marijuana, delivery of marijuana, and being a habitual felon. Defendant primarily argues on appeal that the indictment for delivery of marijuana was insufficient because it did not allege either the weight of the marijuana or that defendant received remuneration for the delivery. Given the language of the statute setting out the offense, we hold that the State was required to allege in the indictment only that a defendant transferred marijuana to another person. The weight of the marijuana and a defendant's receipt of remuneration are evidentiary facts that the State must prove at trial, but need not allege in the indictment. The

STATE v. LAND

[223 N.C. App. 305 (2012)]

indictment in this case was, therefore, sufficient. Because defendant's other arguments on appeal are also unpersuasive, we find no error.

Facts

The State's evidence tended to show the following facts. On the evening of 14 August 2009, Charlotte-Mecklenburg Police Officer Andrew A. Demaioribus was working as part of a team targeting street-level narcotic sales by conducting undercover buy operations on Charlotte city streets. While working undercover, Officer Demaioribus wore plain clothes and drove alone in an unmarked car. Additional police units stayed within two blocks of Officer Demaioribus' location to provide assistance in the event that Officer Demaioribus' safety was compromised.

At about 11:25 p.m., Officer Demaioribus observed defendant in front of a residence. Officer Demaioribus pulled over and asked defendant if defendant could help him "get some green," to which defendant replied, "Yeah. I can get you some." Defendant then got into Officer Demaioribus' vehicle. Defendant instructed Officer Demaioribus to drive to several residences in the area in search of marijuana.

Before defendant left the car at the first residence, Officer Demaioribus handed defendant a $20 bill. Defendant was unable to locate marijuana at the first few residences. When they arrived at the last location, defendant got out of the car, walked out of sight, and returned after one or two minutes. In defendant's absence, Officer Demaioribus relayed his location to other officers using a cell phone. When defendant got back into the car, Officer Demaioribus asked, "Have you got my stuff?" Defendant replied, "Yeah. I got your shit. I got it." Defendant then handed Officer Demaioribus two baggies containing a green substance that Officer Demaioribus thought was marijuana.

After the transaction was complete, Officer Demaioribus gave a "take down signal" to inform other officers that defendant should be arrested. Defendant instructed Officer Demaioribus to drive him to a nearby store. Officer Demaioribus dropped defendant off in the store's parking lot and immediately radioed to a supporting officer, Charlotte-Mecklenburg Police Officer Derek E. Rud, to provide a description of defendant. Officer Rud pulled into the store's parking lot and arrested defendant. Although he searched defendant pursuant to the arrest, Officer Rud did not locate the $20 bill Officer Demaioribus had given defendant. Subsequently, chemical

analysis indicated that the substance in the baggies was 2.03 grams of marijuana.

On 24 August 2009, defendant was indicted for possession with intent to sell or deliver marijuana and for delivering cocaine. Defendant was additionally indicted for selling marijuana. Subsequently, on 2 November 2009, the State obtained a superseding indictment charging defendant with delivering marijuana. In addition, defendant was indicted for being a habitual felon.

Defendant testified on his own behalf at trial. He told the jury that he was walking on the street when a man in a small car drove slowly alongside him and asked if defendant could "get some green." Defendant replied, "Man, I just got out of prison and I don't even know the people with stuff like that, if they are still around here or not." However, the man persisted, and when defendant asked the man, "Well, what's in it for me?" the man said, "I'll buy you a beer or, you know, give you a couple dollars." Defendant then told a friend, "I'm going to see if I can go help this Dude buy some reefer." Defendant got into the man's car and directed him to several residences. While in the car, the man handed defendant a $20 bill and stated that he wanted "a twenty."

After several failed attempts to locate marijuana, the man became nervous and asked defendant if defendant intended to steal his money. Defendant responded by returning the $20 bill to the man and asking to be taken back to the location where defendant was picked up. As they drove back, defendant tried to locate marijuana at one last house. Defendant entered the house, informed the occupants that the man in the car "wants to get some weed," and then returned to the car. One of the occupants of the house then came to the car, and the man in the car gave the $20 bill to that person in exchange for marijuana. Defendant then directed the man to a store and asked, "Do you want to give me the Two Dollars so I can get me a beer?" The man responded, "Oh, man, you know, I ain't even got no more money on me." Defendant testified that although he "was looking to get a beer . . . from the guy that was driving the vehicle," he received no money, drugs, or other compensation from anyone that evening.

The jury found defendant guilty of (1) possession with intent to sell or deliver marijuana and (2) delivering marijuana. The jury further found that defendant was a habitual felon. The jury found defendant not guilty of selling marijuana. The trial court sentenced

defendant to two consecutive terms of 101 to 131 months imprisonment. Defendant timely appealed to this Court.

I

**[1]** Defendant first argues that the trial court lacked subject matter jurisdiction to enter judgment against defendant for delivering marijuana because the indictment failed to allege all of the elements of the offense. It is well established that "[a]n indictment is fatally defective if it wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Partridge*, 157 N.C. App. 568, 570, 579 S.E.2d 398, 399 (2003) (internal quotation marks omitted). Here, defendant contends that the indictment charging delivery of marijuana failed to allege an essential element of the offense when it contained no allegation that defendant received remuneration for delivering less than five grams of marijuana.

Defendant was charged with violating N.C. Gen. Stat. § 90-95(a)(1) (2011), which provides: "[I]t is unlawful for any person . . . [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]" Since, "[i]n general, an indictment couched in the language of the statute is sufficient to charge the statutory offense," *State v. Blackmon*, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46 (1998), an indictment alleging delivery in violation of N.C. Gen. Stat. § 90-95(a)(1) should be sufficient if it alleges that the defendant delivered a controlled substance, in this case marijuana, to another person.

Defendant, however, argues, and the dissent agrees, that N.C. Gen. Stat. § 90-95(b)(2) creates an additional essential element for the offense of delivering less than five grams of marijuana—that the defendant receive remuneration—and that this additional element must be alleged in the indictment to properly charge that offense. In relevant part, N.C. Gen. Stat. § 90-95(b)(2) provides: "The transfer of less than 5 grams of marijuana . . . for no remuneration shall not constitute a delivery in violation of G.S. 90-95(a)(1)."

In *State v. Pevia*, 56 N.C. App. 384, 387, 289 S.E.2d 135, 137 (1982) (internal citation omitted), this Court specifically discussed the significance of N.C. Gen. Stat. § 90-95(b)(2) when a defendant has been indicted for delivery of marijuana:

> The offense of delivery under G.S. 90-95(a)(1) is complete when there has been a transfer of a controlled substance. It is not

necessary for the State to prove that defendant received remuneration for the transfer. Neither is the State initially required to prove the quantity transferred.

There is no separate statutory offense entitled delivery of marijuana. G.S. 90-95(b)(2), however, describes a situation limited in its applicability to the delivery of marijuana. If defendant transfers less than five grams of marijuana *and* receives no remuneration, he is not guilty of a delivery in violation of G.S. 90-95(a)(1).

Obviously that portion of G.S. 90-95(b)(2) will not apply to every charge of delivery of marijuana. Based on the statute's wording, if defendant transfers five or more grams of marijuana, he *is* guilty of delivery—despite the absence of remuneration. Likewise, defendant is guilty of delivery if he receives remuneration for the transfer of marijuana—regardless of the amount transferred. We, therefore, conclude that the State does *not* have to show both a transfer of five or more grams of marijuana and receipt of remuneration in order to submit to the jury the offense of delivery.

Thus, under *Pevia*, N.C. Gen. Stat. § 90-95 creates a single statutory offense of delivery of a controlled substance. There is not a separate offense of delivery of marijuana, as opposed to delivery of another controlled substance. As a result, an indictment is facially valid under N.C. Gen. Stat. § 90-95 when it alleges, as here, that defendant "did unlawfully, willfully and feloniously deliver to [a specified person] a controlled substance, to wit: marijuana, which is included in Schedule VI of the North Carolina Controlled Substances Act."

The issue addressed by N.C. Gen. Stat. § 90-95(b)(2) is, as its plain language indicates, what "constitute[s] a delivery in violation of G.S. 90-95(a)(1)." N.C. Gen. Stat. § 90-95(b)(2) establishes what is not a "delivery" of marijuana: transfer of less than five grams for no remuneration. In other words, N.C. Gen. Stat. § 90-95(b)(2) sets out what the State must prove in order to prove "delivery" when the controlled substance is marijuana.

"[A]n indictment need only allege the ultimate facts constituting the elements of the criminal offense and . . . evidentiary matters need not be alleged." *Blackmon*, 130 N.C. App. at 699, 507 S.E.2d at 46. The ultimate fact required to be proven for a violation of N.C. Gen. Stat. § 90-95(a)(1) is "delivery," while N.C. Gen. Stat. § 90-95(b)(2) establishes the evidence necessary to show delivery for marijuana. As

*Pevia*, 56 N.C. App. at 387, 289 S.E.2d at 137, explains, the State can, under N.C. Gen. Stat. § 90-95(b)(2), prove delivery of marijuana by presenting evidence *either* (1) of a transfer of five or more grams of marijuana, *or* (2) of a transfer of less than five grams of marijuana for remuneration.

Since the methods of proof set out in N.C. Gen. Stat. § 90-95(b)(2) are mere evidentiary matters, they need not be included in the indictment. *See State v. Williams*, 201 N.C. App. 161, 170, 689 S.E.2d 412, 417 (2009) (" 'The [indictment] is complete without evidentiary matters descriptive of the manner and means by which the offense was committed.' " (quoting *State v. Lewis*, 58 N.C. App. 348, 354, 293 S.E.2d 638, 642 (1982)). *See also State v. Coker*, 312 N.C. 432, 438, 323 S.E.2d 343, 348 (1984) (holding that because "[p]roof that defendant was impaired by one particular substance or another is a matter of evidence," State was not required to specify in indictment which substance impaired defendant).

We note, in addition, that given the language in N.C. Gen. Stat. § 90-95(b)(2), an indictment alleging a delivery of "marijuana" necessarily puts the defendant on notice that the State will have to prove either a transfer of more than five grams of marijuana or that the defendant received remuneration. *See Pevia*, 56 N.C. App. at 387, 289 S.E.2d at 137. A defendant may seek a bill of particulars to learn whether the State will be relying upon the weight of the marijuana or remuneration to establish delivery. *Coker*, 312 N.C. at 437, 323 S.E.2d at 348.

Defendant and the dissent, however, point to *Partridge*, 157 N.C. App. at 570-71, 579 S.E.2d at 399-400, in which this Court considered whether an indictment sufficiently alleged *felony* possession of marijuana when it did not include an allegation regarding the weight of the marijuana. N.C. Gen. Stat. § 90-95(a)(3) provides that "it is unlawful for any person . . . [t]o possess a controlled substance" without specifying whether it is a felony or a misdemeanor. N.C. Gen. Stat. § 90-95(d)(4), however, establishes that "any person who violates G.S. 90-95(a)(3) with respect to . . . [a] controlled substance classified in Schedule VI," including marijuana, "shall be guilty of a Class 3 misdemeanor" unless the amount of marijuana exceeded one-half ounce, in which case the offense would be a Class 1 misdemeanor. On the other hand, "[i]f the quantity of the controlled substance exceeds one and one-half ounces (avoirdupois) of marijuana . . . the violation shall be punishable as a Class I felony." *Id.*

As this Court explained in *Partridge*, 157 N.C. App. at 571, 579 S.E.2d at 400, "[s]ection 90-95(d)(4) of the North Carolina General Statutes makes it a Class 3 misdemeanor to possess marijuana but increases the punishment level to a Class 1 misdemeanor for possession of more than one-half ounce of marijuana and if the weight exceeds one and one-half ounces, the punishment level is further raised to a Class I felony." This Court then held that "[p]ossession of more than one and one-half ounces of marijuana is . . . an essential element of the crime of *felony possession* of marijuana[,]" and, "because the indictment charging defendant failed to allege defendant was in possession of more than one and one-half ounces, the trial court was without jurisdiction to allow defendant to be convicted of *felony* possession of marijuana." *Id.* (emphasis added). The same indictment was sufficient, however, to support a conviction for Class 3 misdemeanor possession of marijuana. *Id.*

In other words, under N.C. Gen. Stat. § 90-95(d)(4), an indictment for possession of marijuana tracking the language of N.C. Gen. Stat. § 90-95(a)(3), without more, alleges only a Class 3 misdemeanor. Because the indictment in *Partridge* did not allege the weight of the marijuana, the indictment on its face alleged only a Class 3 misdemeanor. It did not allege a felony even though the State had prosecuted the defendant for the felony charge. *Partridge* did not involve, as this case does, an indictment that tracked the statutory language of the actual offense charged but omitted mere evidentiary matters.

The precise language of the statutory provisions involved in *Partridge* differs materially from the language of the controlling statutory provisions in this case. Based on the statutory language and *Pevia*, we hold that the indictment was facially valid.

## II

**[2]** Defendant next argues that the trial court erred by denying his motion to dismiss for insufficient evidence. Defendant contends the error was two-fold: (1) the evidence that he received remuneration for the delivery of marijuana was insufficient; and (2) there was no competent evidence admitted at trial that the substance possessed by him was marijuana. We disagree.

" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373,

378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). It is well established that in deciding a motion to dismiss, "the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

First, defendant contends that because he was found not guilty of selling marijuana, the jury must not have been convinced that he received compensation for the transaction. Defendant's contention rests on the premise that defendant *himself* must receive compensation for the exchange in order for the State to prove that defendant transferred marijuana for remuneration within the meaning of N.C. Gen. Stat. § 90-95(b)(2). However, this Court rejected that argument in *Pevia*.

In *Pevia*, the evidence taken in the light most favorable to the State showed that an "undercover agent gave [the] defendant $20.00 with which to purchase a ten dollar bag of marijuana and some Eskatrols. The defendant returned to the agent a bag of marijuana, two capsules which she said cost $2.00 each, and $6.00." *Pevia*, 56 N.C. App. at 388, 289 S.E.2d at 137. On those facts, this Court "conclude[d] there was ample evidence from which a jury could reasonably infer that defendant had transferred marijuana for remuneration. Contrary to defendant's assertions, the State was not required to show that defendant made a profit on the transaction." *Id.*, 289 S.E.2d at 138.

In this case, the State presented evidence that Officer Demaioribus gave defendant $20.00 to obtain marijuana, and defendant subsequently gave the officer a bag of marijuana, but did not give the officer back his $20.00. Defendant's testimony to the contrary is immaterial. Under *Pevia*, the State's evidence was sufficient to establish delivery under N.C. Gen. Stat. § 90-95(a)(1) even if defendant did not personally profit from the transaction.

Next, defendant argues that there was no competent evidence to show that the substance he delivered was marijuana because admission of the chemical analysis report without testimony by the agent conducting the analysis violated defendant's constitutional right to

confront the witness. Defendant did not, however, object below on Confrontation Clause grounds and does not argue plain error on appeal. He cannot raise the unpreserved constitutional issue through the guise of a motion to dismiss. Regardless, in reviewing the denial of a motion to dismiss, we consider all evidence admitted in the trial court, "whether competent or incompetent." *Rose*, 339 N.C. at 192, 451 S.E.2d at 223. Consequently, the chemical analysis was sufficient, for purposes of the motion to dismiss, to prove that the material delivered to Officer Demaioribus was marijuana.

## III

**[3]** Finally, defendant argues that the trial court committed plain error in (1) failing to instruct the jury that delivery of less than five grams of marijuana for no remuneration is not a delivery and (2) failing to instruct the jury on the lesser included offense of simple possession of marijuana. "It is the duty of the trial court to instruct the jury on all substantial features of a case raised by the evidence." *State v. Shaw*, 322 N.C. 797, 803, 370 S.E.2d 546, 549 (1988). "Failure to instruct upon all substantive or material features of the crime charged is error." *State v. Bogle*, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989).

Although defendant did not object to the trial court's jury instructions at trial, he seeks plain error review.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).

Here, the trial court's instructions regarding delivery of marijuana consisted of the following:

> The Defendant has been charged with delivering marijuana, a controlled substance. For you to find the Defendant guilty of this offense, the State must prove beyond a reasonable doubt that the Defendant knowingly delivered marijuana to Mr. Demaioribus.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant knowingly delivered marijuana to Mr. Demaioribus, then it would be your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt then it would be your duty to return a verdict of not guilty.

We agree with defendant that because the evidence showed that defendant transferred to the officer, if anything, only 2.03 grams of marijuana, the trial court erred by not instructing the jury that in order to prove delivery, the State was required to prove that defendant transferred the marijuana for remuneration. *See Pevia*, 56 N.C. App. at 387, 289 S.E.2d at 137. The question remains, however, whether this omission rises to the level of plain error.

At trial, the State did not dispute that defendant no longer had the $20 bill on his person when he was arrested immediately after being dropped off by the undercover officer. In turn, defendant did not dispute at trial that he agreed to help the undercover officer buy marijuana and that the driver initially gave defendant a $20 bill. The dispute at trial was whether defendant, as he claimed, returned the $20 bill to the officer or whether he gave it to a man at the last house he visited and received back marijuana, which he then delivered to the officer. Defendant's defense of the charges rested on his testimony that after he returned the $20, another man walked up to the officer's car and dealt directly with the officer, who handed that man the $20 bill in exchange for the baggies of marijuana. According to defendant, he never had possession of the marijuana—he never handed any marijuana to the officer.

When the jury found defendant guilty of possession with intent to sell or deliver the marijuana, it necessarily rejected defendant's version of what occurred and defendant's claim that he did not transfer the marijuana to the officer. In order to find defendant guilty of the possession charge, the jury must have found the officer more credible and believed that defendant used the $20 bill to obtain marijuana, which defendant then transferred to the officer. Based on the possession verdict, we cannot say that the jury probably would have reached a different verdict with regard to the delivery charge if properly instructed, in accordance with *Pevia*, regarding remuneration.

Defendant, however, points to the jury's not guilty verdict with respect to the charge of sale of marijuana. That verdict reflects the lack of evidence that defendant retained any part of the $20 in

exchange for having obtained the marijuana. The verdict does not make it probable that a properly-instructed jury would have found defendant not guilty of having used the officer's $20 bill to obtain marijuana for him. To the contrary, we find that it is probable that even if properly instructed, the jury would have found the facts to be consistent with the officer's testimony: that defendant took the $20 bill, used it to obtain the marijuana, and delivered the marijuana to the officer. Defendant has not, therefore, shown plain error.

Defendant next argues that it was plain error not to instruct the jury on the lesser included offense of simple possession of marijuana. "An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater. When determining whether there is sufficient evidence for submission of a lesser included offense to the jury, we view the evidence in the light most favorable to the defendant." *State v. Ryder*, 196 N.C. App. 56, 63-64, 674 S.E.2d 805, 811 (2009) (internal citation and quotation marks omitted).

Here, in order to find defendant guilty of simple possession, the jury would have had to believe the portion of defendant's testimony claiming that he returned the $20 to the officer, but disbelieved the portion of defendant's testimony that a third person actually handed the marijuana to the officer. The jury would, in other words, have to find that defendant was able to obtain the marijuana that he handed to the officer without using the officer's $20 bill. Because, given the evidence, such a verdict is improbable, defendant has failed to show that the trial court committed plain error in failing to instruct on simple possession.

Alternatively, defendant argues that he received ineffective assistance of counsel because of his trial counsel's failure to request these jury instructions. Since the trial court did not commit plain error when failing to give the instructions at issue, defendant cannot establish the necessary prejudice required to show ineffective assistance of counsel for failure to request the instructions. *See State v. Pratt*, 161 N.C. App. 161, 165, 587 S.E.2d 437, 440 (2003) ("A successful ineffective assistance of counsel claim based on a failure to request a jury instruction requires the defendant to prove that without the requested jury instruction there was plain error in the charge.").

No error.

Judge THIGPEN concurs.

Judge ELMORE dissents in a separate opinion.

ELMORE, Judge dissenting.

I respectfully disagree with the holding of the majority that the State was required to allege in the indictment only that defendant transferred marijuana to another person. Accordingly, I believe that the indictment in this case was insufficient, and I would vacate the judgment on defendant's conviction of delivery of marijuana.

Defendant contends that the superseding indictment for the delivery of marijuana was fatally defective because it failed to allege that he received remuneration for a delivery of less than five grams of marijuana. I agree.

"An indictment is fatally defective if it wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Partridge*, 157 N.C. App. 568, 570, 579 S.E.2d 398, 399 (2003) (quotation and citation omitted). Defendant was charged with violating section 90-95(a)(1), which states "it is unlawful for any person . . . [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." N.C. Gen. Stat. § 90-95(a)(1) (2011). Section 90-95(b)(2) provides an exception, stating "[t]he transfer of less than 5 grams of marijuana or less than 2.5 grams of a synthetic cannabinoid or any mixture containing such substance for no remuneration shall not constitute a delivery in violation of G.S. 90-95(a)(1)." N.C. Gen. Stat. § 90-95(b)(2). In *Partridge*, we vacated the defendant's convictions of felony possession of marijuana because the indictment failed to allege the amount of marijuana possessed by the defendant, a necessary element of the charge. 157 N.C. App. at 571, 579 S.E.2d at 400. There, the indictment made no mention of the amount of marijuana of which defendant was in possession, though both parties agreed that the amount was 59.4 grams. *Id.* at 569, 579 S.E.2d at 399. In order to convict the defendant, the jury was required to find that defendant was in possession of more than 42 grams of marijuana (one and one-half ounces). Accordingly, we concluded that

> [p]ossession of more than one and one-half ounces of marijuana is thus an essential element of the crime of felony possession of marijuana. Therefore, because the indictment charging defendant failed to allege defendant was in possession of more than one and

one-half ounces, the trial court was without jurisdiction to allow defendant to be convicted of felony possession of marijuana.

*Id.* at 571, S.E.2d at 400 (citation omitted).

Here, the indictment states that defendant did "unlawfully, willfully and feloniously deliver to A. Demaioribus, a controlled substance, to wit: marijuana." The amount of marijuana delivered by defendant was 2.03 grams, though this amount was not alleged in the indictment. In order for defendant to be convicted of delivery, there is no minimum amount that must be delivered under section 90-95(a)(1); however, if defendant did not deliver at least five grams, there is an additional requirement of remuneration. *See* N.C. Gen. Stat. §§ 90-95(a)(1), (b)(2). Here, like in *Partridge*, the indictment did not state the amount of marijuana that defendant possessed and delivered, nor did it mention remuneration. In this case, in order to convict defendant of delivery of marijuana, the amount of marijuana delivered must be in the indictment, as it affects whether or not the element of remuneration must also be alleged.

I disagree with the majority's analysis of *State v. Pevia*. In *Pevia*, the defendant delivered a ten dollar bag of marijuana, but there was no testimony regarding the amount of marijuana delivered. 56 N.C. App. 384, 388, 289 S.E.2d 135, 137 (1982). I believe that given the facts of that case, it may be inferred that the amount of marijuana delivered was well over five grams, thus remuneration was not required. Here, however, the amount of marijuana that was delivered was clearly established as 2.03 grams, triggering the required element of remuneration.

Therefore, because the indictment failed to allege that defendant received remuneration for a delivery of less than five grams of marijuana, I believe the trial court was without jurisdiction to allow defendant to be convicted of delivery of marijuana. Accordingly, I would vacate the judgment on defendant's conviction of delivery of marijuana.