An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-84

NORTH CAROLINA COURT OF APPEALS

Filed: 5 September 2014

STATE OF NORTH CAROLINA

v.

CHARLES EDWARD DUBLIN, JR.

Johnston County
Nos. 11 CRS 51511;
12 CRS 002080

Appeal by defendant from judgments entered 27 June 2013 by Judge Gale M. Adams in Johnston County Superior Court. Heard in the Court of Appeals 14 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Ryan C. Zellar, for the State.*

> *John R. Mills, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Charles Edward Dublin, Jr. ("Defendant") appeals from his convictions for one count of possessing with intent to sell or deliver marijuana, one count of selling marijuana, and one count of conspiring to sell marijuana. Defendant contends that the trial court erred by refusing to instruct the jury on the lesser-included offense of possession of marijuana, declining to

instruct the jury that the State must prove that Defendant received remuneration for transferring less than 5 grams of marijuana to be guilty of possession with intent to sell or deliver marijuana, and preventing defense counsel from asserting a similar argument about the need for remuneration in closing argument. Defendant further contends that the trial court committed plain error by allowing testimony regarding a co-conspirator's guilty plea to the offenses with which Defendant was also charged. Defendant asserts that the cumulative effect of these errors was to prejudice his trial and asks this Court to reverse his convictions and remand for a new trial. After careful review, we find no prejudicial error.

## I. Facts & Procedural History

On 16 July 2012, Defendant was indicted in Johnston County Superior Court for one count of possessing with intent to manufacture, sell, or deliver marijuana, one count of selling marijuana, and one count of conspiring to sell marijuana in violation of N.C. Gen. Stat. § 90-95(a)(1) and § 90-98 (2013). From 25 June through 27 June 2013, Defendant was tried on these charges in Johnston County Superior Court. The evidence presented at trial tended to show the following:

On 1 February 2011, Defendant was in an apartment in Selma,

North Carolina, when Mr. Antwon Sanders and Ms. Elaine Earp came downstairs and approached him. Mr. Sanders told Defendant that Ms. Earp wanted to purchase some marijuana. Defendant asked how much marijuana she wanted and was told that she wanted to purchase $10 worth of the drug. Defendant then went to a nearby table with a digital scale on top, weighed a small amount of marijuana on the scale, placed the drug in a bag, and handed the bag to Ms. Earp. According to trial testimony by Ms. Earp, Mr. Sanders – who had previously been given $10 for the drugs by Ms. Earp while upstairs – then handed the $10 to Defendant.

Unbeknownst to either Defendant or Mr. Sanders, Ms. Earp was working as a confidential informant for the Selma Police Department at the time of this transaction. On the afternoon of 1 February 2011, Ms. Earp was working with Detective Scott Richardson ("Detective Richardson") on an operation targeting Mr. Sanders. Her mission was to purchase 0.1 grams of crack cocaine and a $10 bag of marijuana from Mr. Sanders, to whom she had been sent to purchase drugs on previous occasions.

On the afternoon at issue, Ms. Earp and her husband went to the apartment where she had previously met Mr. Sanders with $30 for the purchase of drugs and a "button cam" video surveillance device concealed in her pocketbook. She met Mr. Sanders in the

apartment and accompanied him upstairs while her husband waited in the car outside. While upstairs, Ms. Earp informed Mr. Sanders that she wanted to purchase crack cocaine. When he told her that she would have to wait to purchase the crack cocaine, she asked for marijuana instead. Mr. Sanders informed her that marijuana was available and brought her downstairs to Defendant from whom she purchased the marijuana as described.

After receiving the marijuana from Defendant, Ms. Earp left the residence and drove with her husband to meet members of the Selma Police Department, including Detective Richardson. She gave them the marijuana she purchased from Defendant and Mr. Sanders, which the State Bureau of Investigation Crime Laboratory eventually determined was 1.7 grams of marijuana. She also gave the officers the video recording she made of the transaction and provided a statement. She was paid $75 for her participation in the operation.

The surveillance video produced by the camera hidden in Ms. Earp's pocketbook recorded her time spent with Mr. Sanders upstairs, including when she gave him $10 for the purchase of marijuana. The camera did not, however, record Defendant giving Ms. Earp the marijuana or receiving the $10 from Mr. Sanders. The only evidence produced at trial of Defendant's transfer of

the marijuana to Ms. Earp and his receipt of the $10 was Ms. Earp's testimony. Defendant did not offer any evidence at trial.

During the trial, the prosecution asked Detective Richardson whether Mr. Sanders, who was present in the courtroom, was charged in the same case as the one confronting Defendant. Detective Richardson responded that he had been charged and stated that he believed Mr. Sanders pleaded guilty to the charges. Defense counsel did not object to this exchange during trial.

After hearing all of the foregoing evidence, the jury convicted Defendant of all counts. Defendant subsequently entered a plea of guilty to the status of a habitual felon. The trial court sentenced Defendant to between 66 and 89 months of active imprisonment and issued a criminal bill of costs. Defendant gave timely notice of appeal.

## II. Jurisdiction

Defendant's appeal from the superior court's final judgment lies of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(b) and § 15A-1444(a) (2013).

## III. Analysis

Defendant's appeal presents five questions for this Court's

review: (1) whether the trial court was required to instruct the jury on the lesser-included offense of possession of marijuana when the State presented positive evidence on all the elements of the charged offense and there was no contradictory evidence presented by either party; (2) whether the trial court erred by preventing defense counsel from asserting to the jury during closing argument that N.C. Gen. Stat. § 90-95(b)(2) creates a "pot exception" to N.C. Gen. Stat. § 90-95(a)(1) for transfers of less than 5 grams of marijuana; (3) whether the trial court was required to instruct the jury that, under N.C. Gen. Stat. § 90-95(b)(2), a person may not be found guilty of violating N.C. Gen. Stat. § 90-95(a)(1) for delivering less than 5 grams of marijuana without remuneration; (4) whether the trial court committed plain error by allowing testimony regarding a co-conspirator's guilty plea during Defendant's trial; and (5) whether the cumulative effect of the trial court's purported errors prejudiced Defendant's trial.

We note at the outset that Defendant was not charged with nor tried for "delivery" of marijuana under N.C. Gen. Stat. § 90-95(a)(1). Therefore, to the extent that Defendant's arguments at trial and on appeal depend upon the application of the special evidentiary requirement of N.C. Gen. Stat. § 90-

95(b)(2), they are mistaken. By its plain terms, N.C. Gen. Stat. § 90-95(b)(2) applies only to the "delivery" of marijuana, not to its possession or sale. *See* N.C. Gen. Stat. § 90-95(b)(2) ("The transfer of less than 5 grams of marijuana . . . for no remuneration shall not constitute a *delivery* in violation of G.S. 90-95(a)(1)." (emphasis added)); *see also State v. Land*, ___ N.C. App. ___, ___, 733 S.E.2d 588, 590—92 (2012), *aff'd per curiam*, 366 N.C. 550, 742 S.E.2d 803 (2013) (involving a defendant convicted for one count of possession and one count of delivery of less than 5 grams of marijuana, but found not guilty for selling marijuana).

## A. Defendant's Lesser-Included Offense Argument

Defendant's first assignment of error concerns the trial court's decision not to instruct the jury on the lesser-included offense of possession of marijuana. "Failure to instruct upon all substantive or material features of the crime charged is error." *State v. Bogle*, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989). This Court makes a de novo review of arguments challenging the trial court's decisions regarding jury instructions. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). The Court examines the evidence in the light most favorable to the defendant to determine whether "the

evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *Land*, ___ N.C. App. at ___, 733 S.E.2d at 595 (quotation marks and citation omitted).

The test for determining whether a trial court must instruct the jury on a lesser-included offense is whether "there is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Millsaps*, 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002) (internal quotation marks and citations omitted). However, "[w]here the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required." *Id.* (internal quotation marks and citation omitted). Therefore, when the State successfully produces positive evidence on all the elements of an offense, the trial court's obligation is to determine whether there is any *contradictory evidence* that could rationally convince a juror that the defendant committed a less grievous offense.

The contradictory evidence that would require a lesser-included offense instruction can come from either party, the

defense or the State. *Id.* The defendant need not testify nor produce any evidence. *Id.* Whatever its source, however, the evidence must "conflict" with or contradict other evidence in a manner that could rationally persuade a juror that the charged offense did not occur and a lesser-included offense would be appropriate.

Here, Defendant was charged with possessing marijuana with the intent to sell or deliver it, among other charges. *See* N.C. Gen. Stat. § 90-95(a)(1). To convict Defendant of this crime, the State must prove that (1) Defendant knowingly possessed marijuana, either actually or constructively, and (2) Defendant intended to sell or deliver the marijuana. *See State v. Carr*, 145 N.C. App. 335, 341, 549 S.E.2d 897, 901 (2001). The trial court's jury instructions read in part:

> If you find the evidence beyond a reasonable doubt that on or about the alleged date the defendant knowingly possessed marijuana, and intended to sell or deliver it, it would be your duty to return a verdict of guilty of possession of marijuana with the intent to sell or deliver. If you do not so find or if you have a reasonable doubt as to one or both of these things, you would return a verdict of not guilty of possessing marijuana with the intent to sell or deliver it.

Defendant, however, requested a jury instruction on the lesser-included offense of possession of marijuana because he

transferred only 1.7 grams of the drug. He directs us to N.C. Gen. Stat. § 90-95(b)(2) to contend that "[b]ecause the marijuana weighed less than five grams, without proof of [Defendant] receiving payment, [Defendant] could only be found guilty of possession of marijuana."

This argument is mistaken. As noted above, Defendant was charged with possession with intent to sell or deliver and selling marijuana, not "delivery" of marijuana. N.C. Gen. Stat. § 90-95(b)(2) applies only to the charge of "delivery" of a controlled substance under § 90-95(a)(1), and then merely specifies the evidentiary burden on the prosecution if the defendant delivered less than 5 grams of marijuana. *See Land*, ___ N.C. App. at ___, 733 S.E.2d at 592.

To determine whether the trial court erred by refusing to instruct the jury on the lesser-included offense of possession of marijuana, therefore, we look only to whether the State's "positive" evidence on each element of the charged offense was contradicted by other evidence. The State produced at trial positive, testimonial evidence by Ms. Earp, a confidential informant for the police, that she went to buy drugs from Mr. Sanders because he was a known drug dealer. Ms. Earp also testified that Defendant was the person to whom she was brought

by Mr. Sanders when she stated that she wanted to purchase marijuana. Her testimony showed that Defendant possessed marijuana by physically securing it, measuring it, and weighing it on a nearby digital scale before placing it in a bag and handing it to Ms. Earp. Her testimony showed further that Defendant intended to sell the marijuana because he had bags to contain the marijuana and a digital scale to weigh the requested amount. Furthermore, his entire activity of weighing, bagging, and transferring the marijuana was in response to being told by Mr. Sanders that Ms. Earp wanted to purchase $10 worth of the drug.

The State also produced positive, testimonial evidence at trial that Defendant received remuneration for transferring the marijuana to Ms. Earp. Ms. Earp testified that "either prior or right after I was given the pot" Mr. Sanders handed the $10 she had given him for the drugs to Defendant. Ms. Earp reiterated this testimony on cross-examination, stating that she saw Defendant receive the $10 "with [her own] eyes."

Defendant offered no contradictory evidence at trial. Defendant proceeded solely by attempting to impeach Ms. Earp's testimony in the eyes of the jury. Defense counsel repeatedly emphasized that the transfer of the $10 to Defendant was not

captured on video, but Ms. Earp also repeatedly stated that she saw Defendant hand over marijuana and receive $10 with her own eyes.

Because the State introduced positive evidence on each element of the charged offense, and Defendant did not offer any conflicting evidence (and no such evidence was included in the State's case in chief), the trial court rightly declined to instruct the jury on the lesser-included offense of possession of marijuana. Defendant's argument on appeal confuses the fact that Ms. Earp's video recording did not capture Defendant's receipt of $10 in exchange for the marijuana with the presence or absence of evidence conflicting with her eye-witness testimony. *See Millsaps*, 356 N.C. at 562, 572 S.E.2d at 772. The absence of video recorded evidence of the transaction is not contradictory evidence to Ms. Earp's testimony that she witnessed Defendant receive $10 in remuneration. It is merely the absence of corroborating evidence. The mere absence of corroborating evidence does not create a conflict in the evidence that justifies a lesser-included offense instruction.

Given that the prosecution introduced uncontradicted evidence of remuneration, the trial court rightly concluded that the evidence did not support an instruction on a lesser-included

offense. As to Defendant's first argument, therefore, we find that the trial court properly denied Defendant's requested instruction.

**B. Defendant's Excluded Argument Claim**

Defendant next contends that the trial court erred when it prevented defense counsel from arguing in her closing statement that North Carolina has a "pot exception" for the transfer of less than 5 grams of marijuana. This Court reviews a trial court's rulings on a party's objections to improper closing arguments for an abuse of discretion. *See State v. Jones*, 355 N.C. 117, 131, 558 S.E.2d 97, 106 (2002).

As our Supreme Court has noted, counsel for both sides are entitled to argue the law and facts in evidence and all reasonable inferences to be drawn therefrom. *State v. Allen*, 353 N.C. 504, 508, 546 S.E.2d 372, 375 (2001). However, that Court has also "repeatedly stressed that counsel may not 'travel outside the record' by arguing facts or matters not included in the evidence of record." *Id.* at 509, 546 S.E.2d at 375 (citations omitted). Counsel has a right to argue to the jury "the whole case," including issues of law and fact, but this argument is subject to limits. *State v. Britt*, 288 N.C. 699, 712, 220 S.E.2d 283, 291 (1975). Specifically, "[t]he trial

court has a duty, upon objection, to censor remarks not warranted by either the evidence or the law, or remarks calculated to mislead or prejudice the jury." *Id.*

Here, Defendant asserts error in the following exchange during the defense counsel's closing argument:

> [DEFENSE COUNSEL]: . . . Transfer of marijuana in exchange for money. The State hasn't proven Mr. Dublin got any money, ladies and gentlemen. In North Carolina, furthermore, has [sic] an exception, a pot exception as some like to call it. The transfer of less than 5 grams of marijuana --
>
> [STATE'S ATTORNEY]: Objection.
> THE COURT: Basis?
> [STATE'S ATTORNEY]: If I could approach?
> THE COURT: Yes.
> (Side-bar conference.)
> THE COURT: Motion to strike is allowed. The jury will not consider the last comment of counsel.

In this exchange, defense counsel attempted to introduce an argument based on N.C. Gen. Stat. § 90-95(b)(2)'s evidentiary requirement for proving "delivery" of under 5 grams of marijuana, misleadingly labeling it a "pot exception."

The trial judge properly granted the prosecution's motion to strike this claim for two reasons. First and foremost, Defendant was not charged with "delivery" of marijuana. As noted above, N.C. Gen. Stat. § 90-95(b)(2) applies only to the

issue of delivery. Defendant was charged with possession with intent to sell or deliver and selling marijuana. For the trial judge to permit argument based on N.C. Gen. Stat. § 90-95(b)(2) would be to permit defense counsel to mislead the jury by discussing a legal provision not applicable to the case before them. Defense counsel was free to argue – as she in fact did – that the State did not sufficiently prove Defendant was engaged in the sale of marijuana (which involves remuneration). This argument, however, would not involve introducing claims about § 90-95(b)(2)'s evidentiary requirement.

Second, the trial judge could reasonably determine that allowing defense counsel to argue for the existence of a "pot exception" for the transfer of less than 5 grams of marijuana would mislead the jury. This statement courted the possibility of misleading the jury into believing that Defendant could not be guilty of possessing marijuana with the intent to sell or deliver under N.C. Gen. Stat. § 90-95(a)(1) without proof of remuneration.

For the foregoing reasons, we find no error in the trial court's decision to grant the prosecution's motion to strike.

**C. Defendant's Remuneration Jury Instruction Argument**

Defendant's third claim is that the trial court erred by

not instructing the jury that the transfer of less than 5 grams of marijuana for no remuneration does not constitute delivery. This Court makes a de novo review of arguments challenging the trial court's decisions regarding jury instructions, *Osorio*, 196 N.C. App. at 466, 675 S.E.2d at 149, and reviews those decisions in the light most favorable to the defense. *Land*, ___ N.C. App. at ___, 733 S.E.2d at 595.

The rule for jury instructions is that the trial court must instruct the jury on all substantive or material features of the crime charged. *Bogle*, 324 N.C. at 195, 376 S.E.2d at 748. Here, Defendant was charged with possession with intent to sell or deliver, selling marijuana, and conspiracy to sell marijuana under N.C. Gen. Stat. § 90-95(a)(1). The trial court provided instructions on all of these charges. The instruction on selling marijuana read in relevant part:

> If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant knowingly sold marijuana to Elaine Earp, it would be your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt, it would be your duty to return a verdict of not guilty.

Defense counsel did not object to the instruction on any of the charged offenses.

Defense counsel did however request an instruction on

"delivery" as it is defined under N.C. Gen. Stat. § 90-95(b)(2). Defendant, however, was not charged with delivery of marijuana under N.C. Gen. Stat. § 90-95(b)(2). The trial judge stated explicitly and without objection during the discussion of jury instructions that Defendant was not being charged with delivery and that language to that effect would be left out of the instructions. Without such a charge, an instruction introducing the terms of N.C. Gen. Stat. § 90-95(b)(2) would have been inappropriate because they did not apply to the charges before the jury.

For the foregoing reasons, the trial court's decision not to instruct the jury on N.C. Gen. Stat. § 90-95(b)(2) was not erroneous.

**D. Defendant's Improper Admission of Testimony Claim**

Defendant's fourth assignment of error concerns the admission of testimony regarding his co-perpetrator's guilty plea to charges arising out of the same transaction. This Court reviews for plain error a trial court's improper admission of evidence that was not objected to and thus not preserved. N.C. R. App. P. 10(a)(4). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must

establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations and quotation marks omitted).

The clear rule in North Carolina is that "neither a conviction, nor a guilty plea, nor a plea of *nolo contendere* by one defendant is competent as evidence of the guilt of a codefendant on the same charges." *State v. Rothwell*, 308 N.C. 782, 785, 303 S.E.2d 798, 800-01 (1983). Our Supreme Court explained that the two-fold rationale of this rule is that (1) "a defendant's guilt must be determined solely on the basis of the evidence presented *against him*," and (2) "that the introduction of such a plea by a co-defendant, *when he or she has not testified at defendant's trial,* would also deprive the defendant of his constitutional right of confrontation and cross-examination." *Id.* at 785-86, 303 S.E.2d at 801 (citations omitted).

Here, the prosecution asked Detective Richardson whether Mr. Sanders, who was present in the courtroom, was charged in the same case as the one confronting Defendant. Detective Richardson responded that he had been charged and stated that he

believed Mr. Sanders pleaded guilty to the charges. Defense counsel did not object to this exchange during trial, thus failing to preserve it for review. Nevertheless, by alleging that the admission of this testimony was plain error, this issue is properly before this Court on appeal. N.C. R. App. P. 10(a)(4).

The admission of Detective Richardson's testimony was error. Whether by design or inadvertently, the State's inquiry into "the status" of the charges against Defendant's co-perpetrator had no other purpose than to imply Defendant's "guilt by association" with his co-conspirator's admission of guilt. The only issue is whether this error amounts to plain error.

The admission of Detective Richardson's testimony regarding Mr. Sanders's guilty plea is not plain error because there is no evidence that it had a probable impact on the jury finding Defendant guilty of the charged offenses. There was substantial evidence upon which the jury could have found Defendant guilty even in the absence of the improper testimony. Ms. Earp's testimony suggested that Mr. Sanders brought her to Defendant in response to her request to buy marijuana, that Defendant asked her how much marijuana she wanted, that he weighed, bagged, and

handed the drugs to her, and that he was given $10 for his effort. Despite defense counsel's vigorous effort to discredit Ms. Earp on cross-examination, she did not waiver in her testimony and clearly identified Defendant as the person from whom she purchased the drugs.

Given the significant amount of evidence upon which the jury could have rendered its verdict that was introduced between the improper testimony and the jury's deliberations, we hold that the trial court's admission of Detective Richardson's testimony was not plain error. Accordingly, we reject Defendant's fourth assignment of error.

## E. Defendant's Cumulative Effects Argument

Lastly, Defendant contends that the cumulative effects of individual errors in his trial were sufficiently prejudicial to deprive him of a fair trial. *See State v. Canady*, 355 N.C. 242, 246, 559 S.E.2d 762, 764 (2002) (reversing for cumulative error where "none of the trial court's errors, when considered in isolation, were necessarily sufficiently prejudicial to require a new trial"). We have identified only a single error in Defendant's trial and determined it not to be plain error. We therefore reject Defendant's final assignment of error.

## IV. Conclusion

For the reasons stated above, the decision of the trial court is without error.

NO ERROR.

Judges STEELMAN and GEER concur.

Report per Rule 30(e).