STATE OF NORTH CAROLINA v. BOBBY W. BIRDSONG

No. 43PA89

(Filed 5 October 1989)

1. **Criminal Law § 67 (NCI4th)— misdemeanor—presentment—jurisdiction in superior court**

   The superior court had jurisdiction to try defendant for the misdemeanor of willful failure to discharge official duties in violation of N.C.G.S. § 14-230 where the amended record on appeal shows that this charge was initiated by presentment. N.C.G.S. § 15A-271.

   **Am Jur 2d, Criminal Law § 358; Indictments and Informations § 27.**

2. **Public Officers § 11 (NCI3d)— failure to discharge official duties—omissions conjoined in indictment—proof of only one omission required**

   Where the indictment charged that defendant Department of Correction employee failed to discharge the duties of his office "by failing to follow the directives of the officer in charge *and* by failing to investigate facts received concerning the possible death of an inmate," the State was not required to prove both omissions in order to make out the offense, and the trial court's refusal to submit the omission of failure to follow directives because the evidence was insufficient to support it did not require the dismissal of the charge entirely.

   **Am Jur 2d, Public Officers and Employees §§ 416, 419.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished opinion of the Court of Appeals, 92 N.C. App. 382, 375 S.E.2d 526 (1988), which arrested judgment by *Bowen, J.,* presiding at the 9 November 1987 Criminal Session of Superior Court, WAKE County, entered on defendant's conviction for willful failure to discharge official duties. The State's motion to amend the record on appeal and petition for discretionary review were allowed on 9 February 1989. Argued in the Supreme Court 14 September 1989.

*Lacy H. Thornburg, Attorney General, by LaVee Hamer Jackson, Assistant Attorney General, for the State-appellant.*

*George E. Kelly, III for defendant-appellee.*

EXUM, Chief Justice.

This appeal presents two questions. The first is whether the superior court had jurisdiction to try defendant for the misdemeanor of willful failure to discharge official duties proscribed by N.C.G.S. § 14-230. The second is whether the evidence was sufficient to support the verdict in light of the indictment. We hold that the superior court had jurisdiction and that the evidence was sufficient to support the verdict. We therefore reverse the decision of the Court of Appeals that the superior court lacked jurisdiction and remand for reinstatement of the verdict and judgment of the trial court.

I.

Inmate William Moye died of an apparent suicide on 1 November 1986 while at Central Prison in Raleigh. Defendant was at that time a lieutenant in the North Carolina Department of Correction, working at Central Prison. On 30 March 1987 the Wake County Grand Jury returned a presentment directing the district attorney to conduct an investigation into the circumstances surrounding Moye's death and into allegations that defendant "committed the misdemeanors of willful failure to discharge duties and obstruction of justice." The presentment further directed the district attorney to submit to the grand jury bills of indictment which he deemed necessary and proper with respect to these or other offenses.

On 13 April 1987 the Wake County Grand Jury indicted defendant. One count of the indictment alleged that defendant willfully failed to discharge the duties of his office in violation of N.C.G.S. § 14-230. A second count alleged that defendant delayed or obstructed a public officer in violation of N.C.G.S. § 14-223. Both offenses are misdemeanors.

In pertinent part, Count I of the indictment read:

[T]he defendant named above unlawfully, willfully did omit, neglect or refuse to discharge the duties of his office by failing to follow the directives of the officer in charge *and* by failing to investigate facts received concerning the possible death of

an inmate, said behavior endangering the safety of others. At the time, the defendant was a lieutenant with the North Carolina Department of Corrections [sic].

(Emphasis added.)

At the close of the State's evidence, defendant moved to dismiss both counts of the indictment for insufficient evidence. The trial court denied the motion, stating, however, that it had a serious question regarding the sufficiency of the evidence under Count I as to "the allegation of failing to follow the directives of the officer in charge." Defendant renewed his motion at the close of all the evidence. The trial court ruled that Count I would be submitted to the jury only on "failing to investigate" and not "as it relates to failing to follow the directive of the officer in charge." Defendant then moved to dismiss all of Count I "on the grounds that by dismissing part of the indictment, the effect of that should be that the entire first count is dismissed." The trial court denied this motion.

The jury convicted defendant of the offense charged in Count I but found him not guilty under Count II. Judgment was rendered that defendant pay the costs of court.

The Court of Appeals arrested judgment on the ground the superior court had no jurisdiction to try the misdemeanor. The record on appeal before the Court of Appeals contained the indictment but not the presentment. After its decision was filed but before its mandate was issued the State moved the Court of Appeals to permit it to amend the record on appeal to show the presentment and moved also for other relief from the Court of Appeals' decision. The Court of Appeals denied these motions. This Court allowed the State's petition for further review and its motion to amend the record on appeal to include the presentment.

## II.

[1] We conclude the superior court had jurisdiction to try defendant for the misdemeanor offense because the record on appeal as amended shows this charge was initiated by presentment.

N.C.G.S. § 7A-272(a) vests the district court with exclusive jurisdiction over misdemeanors, except where otherwise provided. In pertinent part, N.C.G.S. § 7A-271 gives to the superior court "exclusive, original jurisdiction over all criminal actions not as-

signed to the district court division . . . except that the superior court has jurisdiction to try a misdemeanor when the charge is initiated by presentment." According to N.C.G.S. § 15A-641(c),

[a] presentment is a written accusation by a grand jury, made on its own motion and filed with a superior court, charging a person . . . with the commission of one or more criminal offenses. A presentment does not institute criminal proceedings against any person, but the district attorney is obligated to investigate the factual background of every presentment returned in his district and to submit bills of indictment to the grand jury dealing with the subject matter of any presentments when it is appropriate to do so.

The accusation in the presentment and Count I of the indictment arose out of the same incident and are substantively identical: willful failure to discharge official duties and obstruction of justice. Thus the charge in the indictment was initiated by presentment, and jurisdiction properly lay in superior court. *State v. Cole*, 294 N.C. 304, 240 S.E.2d 355 (1978).

III.

[2] We next consider whether the evidence was sufficient to support the verdict of guilty under Count I of the indictment in light of its language. We conclude the evidence was sufficient.

The focal point of defendant's argument relates to the use of the conjunctive "and" in the indictment. Count I charges that defendant failed "to discharge the duties of his office by failing to follow the directives of the officer in charge *and* by failing to investigate facts received concerning the possible death of an inmate, said behavior endangering the safety of others." (Emphasis supplied.) Defendant contends the conjoining of these two omissions in the indictment required the State at trial to prove both omissions to make out the offense. He further contends that the trial court's refusal to submit one of the omissions to the jury, presumably because the evidence was insufficient to support it, required the trial court to dismiss the charge entirely. Defendant argues that the jury considered a charge never passed upon by the Grand Jury because the Grand Jury said that failure to investigate *and* failure to follow directives constituted willful failure to discharge duties, and that "said behavior" endangered others. Thus, defendant contends, there was no allegation that either omission standing

alone constituted willful failure to discharge duties or that either alone was sufficient to endanger others. Defendant cites no authority for the position he advances.

N.C.G.S. § 14-230 sets out the offense with which defendant was charged:

> If any . . . official of any of the State institutions . . . shall willfully omit, neglect, or refuse to discharge any of the duties of his office, for default whereof it is not elsewhere provided that he shall be indicted, he shall be guilty of a misdemeanor.

The offense has two statutory components: (1) that the defendant be an official of a State institution and (2) that he willfully fail to discharge the duties of his office. Injury to the public is a judicially recognized element of the crime. In *State v. Anderson*, 196 N.C. 771, 773, 147 S.E. 305, 306 (1929), the Court stated: "It is to be observed that the essentials of the crime as prescribed are: first, a wilful neglect in the discharge of official duty; and second, injury to the public."[1]

In order properly to allege an offense an indictment need only allege the essential elements of that offense. *State v. Hord*, 264 N.C. 149, 141 S.E.2d 241 (1965). It need not allege the evidentiary support for those elements. *State v. Greer*, 238 N.C. 325, 77 S.E.2d 917 (1953). Unnecessary terms that are included in the indictment may be disregarded as surplusage. *State v. Taylor*, 280 N.C. 273, 276, 185 S.E.2d 677, 680 (1972). "Allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage." *Id.*

The use of the conjunctive form to express alternative theories of conviction is proper.

> The indictment should not charge a party disjunctively or alternatively, in such a manner as to leave it uncertain what is relied on as the accusation against him. The proper way is to connect the various allegations in the indictment with the conjunctive term "and," and not with the word "or."

*State v. Swaney*, 277 N.C. 602, 612, 178 S.E.2d 399, 405 (1971) (citations omitted). In *State v. Moore*, 315 N.C. 738, 340 S.E.2d

---

1. The statute in effect at the time *Anderson* was decided is virtually identical to the present version.

401 (1986), the indictment conjoined several of the statutory bases for making kidnapping a first degree offense. Addressing this, we stated that

> [t]he indictment in a kidnapping case must allege the purpose or purposes on which the State intends to rely, and the State is restricted at trial to proving the purposes alleged in the indictment. . . . Although the indictment may allege more than one purpose for the kidnapping, the State has to prove only one of the alleged purposes in order to sustain a conviction of kidnapping.

*Id.* at 743, 315 S.E.2d at 404 (citations omitted). In *State v. Gray*, 292 N.C. 270, 233 S.E.2d 905 (1977), defendant was charged with first degree rape. The indictment alleged in the conjunctive more than one of the statutory bases for conviction. We stated that "[w]here an indictment sets forth conjunctively two means by which the crime charged may have been committed, there is no fatal variance between indictment and proof when the state offers evidence supporting only one of the means charged." *Id.* at 293, 233 S.E.2d at 920 (citations omitted).

Applying these legal principles to the case at bar, we conclude that evidence supporting only one of the alleged omissions would be sufficient to support the failure-to-discharge-duties element of the crime charged in Count I of the indictment if the jury found that this omission did in fact amount to such a failure and was injurious to the public.[2] First, it was unnecessary for the State to allege at all the factual underpinnings tending to support one of the essential elements of the offense. Second, that the State alleged two factual underpinnings for, or factual theories of, conviction did not require it to prove both. Proof of only one factual theory was legally sufficient and at most placed the State at risk of failing to persuade the jury of defendant's guilt.

For the reasons given we find no error in defendant's trial and we reverse the decision of the Court of Appeals finding no jurisdiction in the trial court. The case is remanded to the Court

---

2. Presumably there was evidence to support, and a correct charge to the jury on, all other elements of the offense. Neither the evidence nor the charge to the jury were brought forward in the record on appeal. In the absence of these items we must presume that the evidence was sufficient and that the charge to the jury was correct. *State v. Fennell*, 307 N.C. 258, 297 S.E.2d 393 (1982).

of Appeals for further remand to the Superior Court, Wake County, in order that the verdict and judgment entered there may be reinstated.

Reversed and remanded.