STATE OF NORTH CAROLINA v. CHARLES FITZGERALD HARRIS

No. COA11-1031

(Filed 3 April 2012)

## Sexual Offenders—unlawfully on premises of place intended primarily the use, care, or supervision of minors—indictment fatally defective—no subject matter jurisdiction

The trial court lacked subject matter jurisdiction over a case in which defendant was charged with having been a sex offender unlawfully on the premises of a place intended primarily for the use, care, or supervision of minors. The indictment failed to allege that defendant had been convicted of an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a victim who was under 16 years of age at the time of the offense as required by N.C.G.S. § 14-208.18(a).

Appeal by defendant from judgment entered 17 May 2011 by Judge H. William Constangy in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 February 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Thomas, Ferguson & Mullins LLP, by James H. Monroe, for defendant-appellant.*

ERVIN, Judge.

Defendant Charles Fitzgerald Harris appeals from a judgment sentencing him to 88 to 115 months imprisonment based upon his convictions for having been a sex offender unlawfully on the premises of a place intended primarily for the use, care, or supervision of minors in violation of N.C. Gen. Stat. § 14-208.18 and having attained the status of an habitual felon. On appeal, Defendant contends that the trial court lacked subject matter jurisdiction over this case because the indictment lodged against him failed to allege all the essential elements of the offense defined in N.C. Gen. Stat. § 14-208.18. After careful consideration of Defendant's challenge to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should be vacated.

## I.  Factual Background

### A.  Substantive Facts

On the morning of 14 January 2010, Officers Darryl Norton and Brett Hock of the Charlotte-Mecklenburg Police Department responded to a suspicious vehicle call at an elementary school located in Charlotte. According to the caller, a black male was asleep in a vehicle parked in the school parking lot.

After their arrival at the school, the officers observed a vehicle matching that described by the caller in the location which the caller had specified. Upon approaching the vehicle, the officers found Defendant asleep in the driver's seat. At that point, Officer Norton knocked on the vehicle's window, woke Defendant, and asked for identification, which Defendant provided.

While Officer Hock ran a records check on Defendant, Officer Norton talked to him. Defendant told Officer Norton that he was at the school for the purpose of picking up his girlfriend, who worked there. After the records check revealed that Defendant was a registered sex offender, Defendant was handcuffed and placed in the back of a patrol car while the officers attempted to obtain more information about the parameters associated with Defendant's sex offender registration status.

After making appropriate inquiries, Officer Norton learned that Defendant was required to have obtained written permission from the principal or the principal's agent before coming onto school grounds. Although Officer Norton was able to verify that Defendant's girlfriend worked at the school, the school's principal stated that he did not know Defendant and that Defendant did not have permission to be on school grounds. As a result, the officers placed Defendant under arrest.

### B.  Procedural History

On 6 July 2010 and 23 August 2010, the Mecklenburg County grand jury returned bills of indictment charging Defendant with being a sex offender unlawfully on premises primarily intended for the use, care, or supervision of minors in violation of N.C. Gen. Stat. § 14-208.18 and having attained the status of an habitual felon. The charges against Defendant came on for trial before the trial court and a jury at the 16 May 2011 criminal session of Mecklenburg County Superior Court. At trial, the State and Defendant stipulated that Defendant was required to register as a sex offender as the result of

prior convictions for attempted second degree rape and sexual battery. On 17 May 2011, the jury returned a verdict convicting Defendant of having violated N.C. Gen. Stat. § 14-208.18. After the return of the jury's verdict, Defendant pled guilty to having attained habitual felon status. Based upon the jury's verdict and Defendant's guilty plea, the trial court entered a judgment sentencing Defendant to 88 to 115 months imprisonment. Defendant noted an appeal to this Court from the trial court's judgment.

## II.  Legal Analysis

In his sole challenge to the trial court's judgment, Defendant contends that the trial court lacked subject matter jurisdiction over this case because the indictment purporting to charge him with violating N.C. Gen. Stat. § 14-208.18 failed to allege all the essential elements of the offense defined in that statutory provision. More specifically, Defendant contends that the indictment failed to (1) "clearly and lucidly set forth that [Defendant] was on the premises of the school[;]" (2) "allege [that Defendant] was 'knowingly' on the premises of the school[;]" or (3) "allege [that Defendant] had been convicted of an offense under Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a minor child." We conclude that at least a portion of Defendant's argument has merit.

According to N.C. Gen. Stat. § 15A-924(a)(5) an indictment must contain:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

"As a '[p]rerequisite to its validity, an indictment must allege every essential element of the criminal offense it purports to charge,'" *State v. Billinger*, ___ N.C. App. ___, ___, 714 S.E.2d 201, 206 (2011) (quoting *State v. Courtney*, 248 N.C. 447, 451, 103 S.E.2d 861, 864 (1958)), although it "need only allege the ultimate facts constituting each element of the criminal offense." *State v. Rambert*, 341 N.C. 173, 176 459 S.E.2d 510, 512 (1995) (citation omitted). "Our courts have recognized that[,] while an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form." *In re S.R.S.*, 180 N.C. App. 151, 153, 636 S.E.2d 277, 280 (2006). "The general rule in this

State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." *State v. Greer*, 238 N.C. 325, 328, 77 S.E.2d 917, 920 (1953).

"North Carolina law has long provided that '[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity.' " *State v. Neville*, 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992) (quoting *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966)). "[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of [subject matter] jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341, *cert. denied*, 531 U.S. 1018, 121 S. Ct. 581, 148 L. Ed. 2d 498 (2000). This Court "review[s] the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409, *appeal dismissed and disc. review denied*, 363 N.C. 586, 683 S.E.2d 215 (2009). "An arrest of judgment is proper when the indictment 'wholly fails to charge some offense cognizable at law or fails to state some essential and necessary element of the offense of which the defendant is found guilty.' " *State v. Kelso*, 187 N.C. App. 718, 722, 654 S.E.2d 28, 31 (2007) (quoting *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943)), *disc. review denied*, 362 N.C. 367, 663 S.E.2d 432 (2008). " 'The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment.' " *State v. Marshall*, 188 N.C. App. 744, 752, 656 S.E.2d 709, 715 (quoting *State v. Fowler*, 266 N.C. 528, 531, 146 S.E.2d 418, 420 (1966)), *disc. review denied*, 362 N.C. 368, 661 S.E.2d 890 (2008).

The indictment by means of which the grand jury attempted to charge Defendant with violating N.C. Gen. Stat. § 14-208.18 alleged, in pertinent part, that:

> THE JURORS FOR THE STATE UPON THEIR OATH PRE-
> SENT that on or about the 14th day of January, 2010, in
> Mecklenburg County, Charles Fitzgerald Harris *did unlaw-
> fully, willfully and feloniously on the premises of Winget
> Park Elementary School,* located at . . . Charlotte, North
> Carolina. *A place intended primarily for the use, care, or super-
> vision of minors and defendant is a registered sex offender.*

(emphasis added). According to N.C. Gen. Stat. § 14-208.18:

> (a)  It shall be unlawful for any person required to register under this Article, if the offense requiring registration is described in subsection (c) of this section, to knowingly be at any of the following locations:
>
>> (1)  On the premises of any place intended primarily for the use, care, or supervision of minors, including, but not limited to, schools, children's museums, child care centers, nurseries, and playgrounds.
>
>> . . . .
>
> (c)  Subsection (a) of this section is applicable only to persons required to register under this Article who have committed any of the following offenses:
>
>> (1)  Any offense in Article 7A of this Chapter.
>
>> (2)  Any offense where the victim of the offense was under the age of 16 years at the time of the offense.

As a result, the essential elements of the offense defined in N.C. Gen. Stat. § 14-208.18(a) are that the defendant was (1) knowingly on the premises of any place intended primarily for the use, care, or supervision of minors and (2) at a time when he or she was required by North Carolina law to register as a sex offender based upon a conviction for committing an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a victim who was under the age of 16 at the time of the offense. N.C. Gen. Stat. § 14-208.18.

### A.  Omission of "Go" or "Went"

First, Defendant contends that the indictment failed to "clearly and lucidly" allege that Defendant went onto the premises of the school. Defendant's argument hinges on the fact that the language contained in the indictment to the effect that Defendant "did unlawfully, willfully and feloniously on the premises of Winget Park Elementary School" omitted any affirmative assertion that Defendant actually went on the school's premises. We do not find this argument persuasive.

Although " 'an indictment may be couched in ungrammatical language, this will not, of itself, render the indictment insufficient, provided the intention and meaning of the pleader is clearly apparent,' " since " '[i]t is the general rule that an indictment is not vitiated by

mistakes which are merely clerical, where they do not destroy the sense of the indictment, and the meaning is apparent.' " *State v. Hawkins*, 155 N.C. 466, 470, 71 S.E. 326, 327 (1911) (quoting Howard C. Joyce, *Treatise on the Law Governing Indictments* §§ 201 & 202, at 215-19 (1st ed. 1908)) (holding that an indictment alleging that the defendant "unlawfully, willfully and feloniously break and enter" with the intent to commit larceny was not fatally defective based upon the omission of the word "did"). A cursory analysis of the language in which the challenged indictment is couched clearly indicates that Defendant was being charged with having been "on the premises" of the school. The absence of words such as "go" or "went," while less than optimal, does not render the indictment unclear. As a result, given that the challenged language, taken in context, sufficiently apprised Defendant that he was alleged to have entered the grounds of a school, *see State v. Thrift*, 78 N.C. App. 199, 201-02, 336 S.E.2d 861, 862 (1985) (holding that the fact that a statutory term was misspelled in an indictment did not render that charging instrument fatally defective), *appeal dismissed and disc. review denied*, 316 N.C. 557, 344 S.E.2d 15 (1986), this component of Defendant's challenge to the indictment lacks merit.

## B. Omission of "Knowingly"

Secondly, Defendant argues that the fact that the indictment failed to allege that he "knowingly" entered the school grounds rendered the indictment fatally defective. We do not find this contention persuasive either.

"Our Supreme Court has held that '[t]he term *willfully* implies that the act is done knowingly . . . .' " *State v. Memminger*, 186 N.C. App. 681, 652 S.E.2d 71, 2007 N.C. App. LEXIS 2234, *6 (2007) (unpublished) (quoting *State v. Falkner*, 182 N.C. 793, 798, 108 S.E. 756, 758 (1921)) (holding that the absence of the term "knowingly" from an indictment which stated that the defendant " 'did . . . willfully . . . possess [cocaine] with intent to sell or deliver . . .' " did not render the indictment invalid given that the allegations in the indictment sufficiently tracked the applicable statutory language and given that the allegation that the defendant acted "willfully" implied that knowing conduct had occurred).[1] As we have already noted, the indictment returned against Defendant alleged that he was "unlawfully, willfully

---

1. Although we recognize that our decision in *Memminger* has no precedential effect, *United Services Automobile Ass'n v. Simpson*, 126 N.C. App. 393, 396, 485 S.E.2d 337, 339, *disc. review denied*, 347 N.C. 141, 492 S.E.2d 37 (1997), we find its reasoning persuasive.

and feloniously on the premises" of the school. Although the indictment did not explicitly track the relevant statutory language by alleging that Defendant was "knowingly" on the school's premises, the fact that the indictment stated that Defendant acted "willfully," sufficed to allege the requisite "knowing" conduct. *Falkner*, 182 N.C. at 798, 108 S.E. at 758. As a result, we conclude that this aspect of Defendant's challenge to the indictment attempting to charge him with violating N.C. Gen. Stat. § 14-208.18 lacks merit.

### C. Omission of Allegations Concerning Prior Convictions

Finally, Defendant contends that the indictment failed to allege that he had been convicted of an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a victim who was under 16 years of age at the time of the offense as required by N.C. Gen. Stat. § 14-208.18(a). This aspect of Defendant's argument has merit.

N.C. Gen. Stat. § 14-208.7 provides that "[a] person who is a State resident and who has a reportable conviction shall be required to maintain registration with the sheriff of the county where the person resides." A "reportable conviction" is defined as:

a.  A final conviction for an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses unless the conviction is for aiding and abetting. A final conviction for aiding and abetting is a reportable conviction only if the court sentencing the individual finds that the registration of that individual under this Article furthers the purposes of this Article as stated in [N.C. Gen. Stat. §] 14-208.5.

b.  A final conviction in another state of an offense, which if committed in this State, is substantially similar to an offense against a minor or a sexually violent offense as defined by this section, or a final conviction in another state of an offense that requires registration under the sex offender registration statutes of that state.

c.  A final conviction in a federal jurisdiction (including a court martial) of an offense, which is substantially similar to an offense against a minor or a sexually violent offense as defined by this section.

d.  A final conviction for a violation of [N.C. Gen. Stat. §§] 14-202(d), (e), (f), (g), or (h), or a second or subsequent

> conviction for a violation of [N.C. Gen. Stat. §§] 14-202(a), (a1), or (c), only if the court sentencing the individual issues an order pursuant to [N.C. Gen. Stat. §] 14-202(l) requiring the individual to register.

N.C. Gen. Stat. § 14-208.6(4). The offenses punishable by virtue of Article 7A of Chapter 14 of the North Carolina General Statutes include first degree rape, rape of a child, second degree rape, first degree sexual offense, sexual offense with a child, second degree sexual offense, sexual battery, intercourse and sexual offenses with certain victims, and statutory rape. N.C. Gen. Stat. §§ 14-27.1-.10. As a result, a number of convictions that result in the imposition of a registration requirement pursuant to N.C. Gen. Stat. 14-208.7, including certain forms of secret peeping, N.C. Gen. Stat. §§ 14-202(d)-(h), and sexually violent offenses, N.C. Gen. Stat. § 14-208.6(5) (defining sexually violent offenses so as to include offenses set forth in Article 7A of Chapter 14 of the North Carolina General Statutes and certain other offenses, such as incest and taking indecent liberties with a student), do not constitute offenses which are listed in Article 7A of Chapter 14 of the North Carolina General Statutes or involve a victim under the age of 16. For that reason, the simple fact that an individual required to register as a sex offender enters the premises of any place intended primarily for the use, care, or supervision of minors does not inevitably mean that a violation of N.C. Gen. Stat. § 14-208.18 has occurred.

The indictment in which the grand jury attempted to charge Defendant with violating N.C. Gen. Stat. § 14-208.18 simply alleged that Defendant was a "registered sex offender." In view of the fact that certain individuals are required to register as sex offenders despite the fact that they did not commit an offense that is listed in Article 7A of Chapter 14 or involved a victim under the age of 16, an allegation that Defendant was a "registered sex offender" does not suffice to allege all of the elements of the criminal offense enumerated in N.C. Gen. Stat. § 14-208.18. *Greer*, 238 N.C. at 328, 77 S.E.2d at 920. Thus, we are compelled to conclude that the indictment returned against Defendant fails to " 'allege every essential element of the criminal offense it purports to charge,' " *Billinger*, ___ N.C. App. at ___, 714 S.E.2d at 206 (quoting *Courtney*, 248 N.C. at 451, 103 S.E.2d at 864), thereby depriving the trial court of jurisdiction to enter judgment against Defendant for his alleged violation of N.C. Gen. Stat. § 14-208.18(a). In view of the fact that we are required to "vacate [D]efendant's underlying felony conviction, we [must] also vacate

[D]efendant's judgment sentencing [D]efendant as a[n] habitual felon." *State v. Fox*, ___ N.C. App. ___, ___, 721 S.E.2d 673, 678 (2011) (citing N.C. Gen. Stat. § 14-7.5).

In seeking to persuade us to reach a contrary result, the State contends that the "specific offense committed would be mere surplusage" and that the allegation that Defendant's conduct was "unlawful" gave him ample notice that his status as a registered sex offender precluded him from entering the premises of the school in question. However, according to well-established North Carolina law, only those allegations which are "beyond *the essential elements of the crime sought to be charged* are irrelevant and may be treated as surplusage." *State v. Taylor*, 280 N.C. 273, 276, 185 S.E.2d 677, 680 (1972) (emphasis added). An allegation that the underlying offense requiring sex offender registration was an offense listed in Article 7A of Chapter 14 of the North Carolina General Statutes or involved a victim under the age of 16 is an essential element for purposes of the offense set out in N.C. Gen. Stat. § 14-208.18(a) and cannot, for that reason, be treated as mere surplusage. In addition, we do not believe an allegation that Defendant's conduct was "unlawful" satisfies the requirement that the indictment allege every essential element of an offense under N.C. Gen. Stat. § 14-208.18(a). *Billinger*, ___ N.C. App. at ___, 714 S.E.2d at 206. Alleging that Defendant was a "registered sex offender" and that his conduct was "unlawful" does not, standing alone, provide any notice of the nature of Defendant's allegedly unlawful conduct or the reason that his alleged conduct was unlawful. As a result, we conclude that neither of the State's justifications for upholding the challenged "prior offense" allegation have merit.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that the indictment returned against Defendant for the purpose of charging him with violating N.C. Gen. Stat. § 14-208.18 was insufficient to confer subject matter jurisdiction upon the trial court. As a result, the trial court's judgment should be, and hereby is, arrested and Defendant's convictions are vacated without prejudice to the State's right to attempt to prosecute Defendant based upon a valid indictment.

VACATED.

JUDGES BRYANT AND ELMORE concur.