McGEE, Chief Judge.
 

 *388
 
 Ramelle Milek Lofton ("Defendant") was indicted 2 May 2016 on charges of manufacturing a controlled substance pursuant to
 
 N.C. Gen. Stat. § 90-95
 
 (a)(1), possession of marijuana, and possession of drug paraphernalia.
 
 [1]
 
 These charges arose out of events that occurred on 20 January 2015, when officers from the Goldsboro Police Department executed a search warrant for Defendant's residence. Defendant was tried at the 18 July 2016 criminal session of Wayne County Superior Court. The jury was instructed on possession of marijuana and drug paraphernalia, as well as manufacturing a controlled substance and the lesser included offense of attempting to manufacture a controlled substance.
 
 See
 

 State v. Clark
 
 ,
 
 137 N.C. App. 90
 
 , 96-97,
 
 527 S.E.2d 319
 
 , 323 (2000) (attempt is a lesser included offense of the underlying charge).
 

 *389
 
 Defendant was found guilty on 20 July 2016 on the charges of attempting to manufacture a controlled substance and possession of marijuana. He was acquitted on the charge of possession of drug paraphernalia. Defendant appeals.
 

 In Defendant's sole argument, he contends that "[t]he trial court erred in denying [his] motion to dismiss the charge of attempting to manufacture a controlled substance[.]" We agree, though on jurisdictional grounds not raised by Defendant.
 

 We hold that the indictment charging Defendant with manufacturing marijuana was fatally defective.
 

 "North Carolina law has long provided that '[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity.'
 

 *209
 
 " "[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of [subject matter] jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." This Court "review[s] the sufficiency of an indictment
 
 de novo
 
 ."
 

 State v. Harris
 
 ,
 
 219 N.C. App. 590
 
 , 593,
 
 724 S.E.2d 633
 
 , 636 (2012) (citations omitted) (alterations in the original). Defendant was indicted on the manufacturing charge by the following relevant language:
 

 [O]n or about the 20th day of January, 2015 in Wayne County, [Defendant] unlawfully, willfully and feloniously did manufacture a controlled substance in violation of the North Carolina Controlled Substances Act, by producing, preparing, propagating
 
 and
 
 processing a controlled substance. The controlled substance in question consisted of marijuana[.]
 

 (Emphasis added).
 
 [2]
 

 *390
 

 N.C. Gen. Stat. § 90-95
 
 (a)(1) (2017) is the statute pertaining to the illegal manufacture of controlled substances:
 

 N.C.G.S. § 90-95(a)(1) makes it unlawful to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." The intent of the legislature in enacting N.C.G.S. § 90-95(a)(1) was twofold: "(1) to prevent the manufacture of controlled substances, and (2) to prevent the transfer of controlled substances from one person to another."
 

 State v. Moore
 
 ,
 
 327 N.C. 378
 
 , 381,
 
 395 S.E.2d 124
 
 , 126 (1990) (citation omitted). Our Supreme Court determined "the language of N.C.G.S. § 90-95(a)(1) creates three offenses: (1)
 
 manufacture
 
 of a controlled substance, (2)
 
 transfer
 
 of a controlled substance by sale or delivery, and (3)
 
 possession with intent to manufacture, sell or deliver
 
 a controlled substance."
 

 Id.
 

 (emphasis in original). Therefore, a defendant may be indicted, separately, for manufacturing a controlled substance, transferring a controlled substance, or possessing with intent to manufacture or transfer a controlled substance.
 

 Id.
 

 In
 
 Moore
 
 , the defendant was convicted of "selling" hallucinogenic mushrooms and "delivering" hallucinogenic mushrooms pursuant to a single transfer.
 
 Id.
 
 at 379-80,
 
 395 S.E.2d at 125-26
 
 . Each of these convictions was treated as a separate offense.
 

 Id.
 

 Our Supreme Court held that, pursuant to N.C.G.S. § 90-95(a)(1), "selling" and "delivering" constitute two ways in which the crime of
 
 transferring
 
 a controlled substance may be proven, but that "selling" and "delivering" in this context did not constitute separate offenses for which a defendant may be convicted based upon a single transaction.
 
 Moore
 
 ,
 
 327 N.C. at 381
 
 ,
 
 395 S.E.2d at 126
 
 . Therefore, the Court in
 
 Moore
 
 held: "The jury in this case was improperly allowed under each indictment to convict the defendant of two offenses-sale and delivery-arising from a single transfer."
 
 Id
 
 . at 383,
 
 395 S.E.2d at 127
 
 . Because the defendant in
 
 Moore
 
 was convicted of both "selling" and "delivering" the same mushrooms in a single transaction, one of the defendant's convictions based upon transferring a controlled substance was vacated.
 

 Id.
 

 Our Supreme Court was careful to explain that its reasoning did not implicate issues of unanimity:
 

 Our conclusion regarding the proper interpretation of N.C.G.S. § 90-95(a)(1) does not create a risk of a defendant being convicted by a nonunanimous verdict. The legislature intended that there be one conviction and punishment
 
 *391
 
 under the statute for defendants who transfer,
 
 i.e.
 
 , "sell or deliver," a controlled substance. The transfer by sale or delivery of a controlled substance is one statutory offense, the gravamen of the offense being the transfer of the drug. So long as each juror finds that the defendant transferred the substance,
 
 *210
 
 whether by sale, by delivery, or by both, the defendant has committed the statutory offense, and no unanimity concerns are implicated.
 

 Id.
 

 (citations omitted).
 

 In the present case, Defendant was indicted for manufacturing marijuana in violation of N.C.G.S. § 90-95(a)(1). As with a charge of transferring pursuant to N.C.G.S. § 90-95(a)(1), a charge of manufacturing may be proven in multiple ways. N.C.G.S. § 90-95(a)(1) states:
 

 (a) Except as authorized by this Article, it is unlawful for any person:
 

 (1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]
 

 Relevant to this appeal, "manufacture" is defined by statute as follows:
 

 "Manufacture" means the production, preparation, propagation, compounding, ...
 
 or
 
 processing of a controlled substance by any means, whether directly or indirectly, artificially or naturally[.] [However, "manufacture"] does
 
 not include
 
 the
 
 preparation or compounding
 
 of a controlled substance by an individual
 
 for his own use
 
 [.]
 

 N.C. Gen. Stat. § 90-87
 
 (15) (2017) (emphasis added). Therefore, the State could have indicted Defendant on a
 
 single
 
 count of manufacturing marijuana, based on the
 
 multiple
 
 bases of production, preparation, propagation, or processing which, pursuant to
 
 Moore
 
 , could have been proven by evidence that Defendant
 
 either
 
 produced, prepared, propagated,
 
 or
 
 processed the marijuana.
 
 Moore
 
 ,
 
 327 N.C. at 383
 
 ,
 
 395 S.E.2d at 127
 
 . The fact that the jury could thereby convict Defendant based upon different
 
 methods
 
 of "manufacturing"-i.e. some jurors could find that Defendant produced marijuana, some could find that he prepared marijuana, some could find that he propagated marijuana, and some could find that he processed marijuana-does not raise any unanimity concerns.
 
 [3]
 

 *392
 
 However, Defendant's indictment for manufacturing marijuana is fatally flawed. Defendant was indicted pursuant to the "manufacturing" prong of N.C.G.S. § 90-95(a)(1) based upon the following relevant language: "[O]n or about the 20
 
 th
 
 day of January, 2015 in Wayne County, [Defendant] unlawfully, willfully and feloniously did manufacture a controlled substance in violation of [ N.C.G.S. § 90-95(a)(1) ], by producing, preparing, propagating and processing [marijuana]." Our Supreme Court has held that proof of intent to distribute is required by portions of the "manufacturing" prong of N.C.G.S. § 90-95(a)(1), stating that "the offense of manufacturing a controlled substance does not require an intent to distribute
 
 unless
 
 the activity constituting manufacture is
 
 preparation
 
 or compounding."
 
 State v. Brown
 
 ,
 
 310 N.C. 563
 
 , 568,
 
 313 S.E.2d 585
 
 , 588 (1984) (emphasis added);
 
 see also
 

 Id.
 

 , (emphasis added) ("the plain language of [ N.C.G.S. § 90-87(15) ] makes it clear that these activities ["packaging," "repackaging," "labeling," and "relabeling"] are not included within the limited exception of those manufacturing activities (
 
 preparation
 
 , compounding)
 
 for which an intent to distribute is required
 
 ");
 
 State v. Muncy
 
 ,
 
 79 N.C. App. 356
 
 , 362,
 
 339 S.E.2d 466
 
 , 470 (1986) (citation omitted) (emphasis added) ("intent to distribute is not a necessary element of the offense of manufacturing a controlled substance
 
 unless the manufacturing activity is preparation or compounding
 
 "). It is clear that intent to distribute is a required element if the manufacturing charge is based upon either preparation or compounding because preparation or compounding for personal use is specifically exempted under N.C.G.S. § 90-95(a)(1) and, therefore, the State must prove that a defendant's intent was not personal use, but distribution.
 
 Id
 
 .
 

 In the present case, Defendant moved to dismiss the manufacturing charge based in part on the following argument:
 

 Judge, we'd move to dismiss the allegation of preparation for a fatal defect in the indictment, which takes the jurisdiction
 
 *211
 
 from this [c]ourt. Judge, preparation, pursuant to General Statute[§ 90-87(15) ], requires that the State charge preparation with the intent to distribute, intent to distribute being an essential element of that offense.
 

 The trial court denied Defendant's motion to dismiss the manufacturing charge in its entirety, and instructed the jury on attempt to manufacture
 
 *393
 
 marijuana on all four indicted bases: producing, propagating, processing, and preparing.
 

 Because Defendant's indictment for the charge of manufacturing a controlled substance pursuant to N.C.G.S. § 90-95(a)(1) included preparation as a basis, it failed to allege a required element-intent to distribute. A valid indictment is a requirement for jurisdiction, and the fact that Defendant does not argue this issue on appeal does not relieve this Court of its duty to insure it has jurisdiction over Defendant's appeal.
 
 Harris
 
 ,
 
 219 N.C. App. at 593
 
 ,
 
 724 S.E.2d at
 
 636 ;
 
 State v. Helms
 
 ,
 
 247 N.C. 740
 
 , 745,
 
 102 S.E.2d 241
 
 , 245 (1958).
 

 Because the State chose to allege four separate bases pursuant to which it could attempt to prove Defendant's guilt of the single count of manufacturing a controlled substance, it was necessary that
 
 all four
 
 of those bases were alleged with sufficiency to confer jurisdiction on the trial court for the manufacturing charge. Because one of those bases-"preparation"-required the unalleged element of "intent to distribute," and the jury was instructed on all four bases alleged in the indictment, including "preparation," the jury was allowed to convict Defendant on a theory of manufacturing a controlled substance that was not supported by a valid indictment. The omission of the element of intent from the indictment charging Defendant of manufacturing a controlled substance constituted a fatal defect. This Court cannot now, on appeal, isolate the defect in the indictment in a manner that does not taint the entire indictment.
 
 [4]
 
 The fact that the indictment as written would have supported the charge of manufacturing a controlled substance had the State only included the underlying theories of "production," "propagation," and "processing" as bases for proving "manufacturing" does not save the indictment. Because the underlying basis of "preparation" was also alleged in the indictment and presented to the jury, "intent to distribute" became a necessary element of the manufacturing charge, and its absence constituted a fatal defect.
 

 "An arrest of judgment is proper when the indictment wholly fails to charge some offense cognizable at law or fails to state some essential and necessary element of the offense of which the defendant is found guilty."
 
 Harris
 
 ,
 
 219 N.C. App. at 593
 
 ,
 
 724 S.E.2d at 636
 
 (quotation marks and citations omitted). "The legal effect of arresting the judgment is to
 
 *394
 
 vacate the verdict and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment."
 

 Id.
 

 (quotation marks and citations omitted). Because the indictment for the charge of manufacturing a controlled substance failed to include a necessary element of that crime as alleged by the State, the indictment failed to confer subject matter jurisdiction upon the trial court for that charge, and we vacate Defendant's conviction for that charge.
 
 Id.
 
 at 598,
 
 724 S.E.2d at 639
 
 . Defendant has not challenged his conviction for possession of marijuana, and that conviction is unaffected by this opinion.
 

 NO ERROR IN PART, VACATED IN PART.
 

 Judges DAVIS and TYSON concur.
 

 [1]
 

 In the indictment, the State erroneously cites N.C.G.S. § 90-95(a)(3) in support of the manufacturing charge.
 

 [2]
 

 We note that the use of the conjunction "and," instead of "or," placed an additional burden on the State. The indictment as written required the State to prove that Defendant produced marijuana, prepared marijuana, propagated marijuana,
 
 and
 
 processed marijuana in order to prove that Defendant
 
 manufactured
 
 marijuana. As discussed in detail below, the relevant statute only requires the State to prove one basis-e.g. preparing marijuana-in order to sustain a charge of manufacturing marijuana. The State's use of the word "and" does not impact our jurisdictional analysis.
 

 [3]
 

 As noted above, because the indictment in this case used the language "producing, preparing, propagating
 
 and
 
 processing," instead of "producing, preparing, propagating,
 
 or
 
 processing," the indictment as written required the State to prove all four of these bases in order to convict Defendant of manufacturing marijuana.
 

 [4]
 

 Because this issue is not before us, we do not consider whether the trial court could have cured the defect by allowing amendment of the indictment or only instructing the jury on the production, propagation, and processing theories of manufacturing a controlled substance alleged by the State.