IN THE SUPREME COURT OF NORTH CAROLINA

No. 143PA18

Filed 10 May 2019

STATE OF NORTH CAROLINA

v.

RAMELLE MILEK LOFTON

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 816 S.E.2d 207 (2018), finding no error in part and vacating in part a judgment entered on 20 July 2016 by Judge Martin B. McGee in Superior Court, Wayne County. Heard in the Supreme Court on 5 March 2019.

*Joshua H. Stein, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State-appellant.*

*William D. Spence for defendant-appellee.*

ERVIN, Justice.

The issue before the Court in this case is whether an indictment returned for the purpose of charging defendant Ramelle Milek Lofton with manufacturing marijuana is fatally defective because it fails to allege that defendant acted with an "intent to distribute." After careful consideration of the record in light of the applicable law, we reverse the Court of Appeals' decision to vacate defendant's manufacturing marijuana conviction and remand this case to the Court of Appeals

for consideration of defendant's challenge to the sufficiency of the evidence to support that conviction.

On 20 January 2015, officers of the Goldsboro Police Department obtained the issuance of a warrant authorizing a search of defendant's residence. While executing this search warrant, investigating officers discovered loose marijuana seeds and stems, a marijuana grinder, a digital scale, cigar wrappers, and clear plastic bags with green residue in a dresser and aluminum foil-lined walls and a light hanging from a hanger above a blue plastic container that had dirt in its corners, a container lid into which circular holes had been cut, and a stack of perforated Styrofoam cups in a closet. In addition, investigating officers seized a bag of fertilizer, planting rocks, and a book containing instructions for growing marijuana from the closet. After these items had been discovered, defendant admitted to the investigating officers that he had created the growing facility, that the materials discovered in the residence belonged to him, and that he had attempted to grow marijuana five or six years earlier.

On 2 May 2016, the Wayne County grand jury returned a bill of indictment charging defendant with manufacturing marijuana, possession of drug paraphernalia, and possession of marijuana. In the indictment returned against defendant for the purpose of charging him with manufacturing marijuana, the grand jury alleged that defendant "unlawfully, willfully and feloniously did manufacture [marijuana] . . . by producing, preparing, propagating and processing a controlled

substance." The charges against defendant came on for trial before the trial court and a jury at the 18 July 2016 criminal session of Superior Court, Wayne County. On 20 July 2016, the jury returned a verdict convicting defendant of attempting to manufacture marijuana and possessing marijuana and acquitting defendant of possessing drug paraphernalia. Based upon the jury's verdict, the trial court consolidated defendant's convictions for judgment and sentenced defendant to a term of six to seventeen months imprisonment, suspended defendant's sentence, and placed him on supervised probation for a period of twenty-four months. Defendant noted an appeal to the Court of Appeals from the trial court's judgment.

In seeking relief from the trial court's judgment before the Court of Appeals, defendant argued that the trial court had erred by denying his motion to dismiss the manufacturing marijuana charge for insufficiency of the evidence. On 1 May 2018, the Court of Appeals filed an opinion finding no error in defendant's conviction for possessing marijuana and vacating defendant's attempted manufacturing marijuana conviction on the grounds that the indictment underlying that conviction was fatally defective given the failure of the manufacturing marijuana indictment to allege that defendant had acted with an "intent to distribute." *State v. Lofton*, ___ N.C. App. ___, ___, 816 S.E.2d 207, 211 (2018).

In reaching this result, the Court of Appeals relied upon this Court's decision in *State v. Brown*, 310 N.C. 563, 313 S.E.2d 585 (1984) (citing *State v. Childers*, 41 N.C. App. 729, 732, 255 S.E.2d 654, 656-57, *disc. rev. denied*, 298 N.C. 302, 259 S.E.2d

916 (1979)), which stated that a conviction for manufacturing a controlled substance "does not require an intent to distribute unless the activity constituting manufacture is preparation or compounding." *Lofton*, ___ N.C. App. at ___, 816 S.E.2d at 210 (emphasis omitted) (quoting *Brown*, 310 N.C. at 568, 313 S.E.2d at 588). In view of the fact that the indictment returned against defendant for the purpose of charging him with manufacturing marijuana "included preparation as a basis" for its contention that defendant had unlawfully manufactured marijuana, the Court of Appeals concluded that the indictment "failed to allege a required element—intent to distribute." *Id.* at ___, 816 S.E.2d at 211. As a *result*, "because the State chose to allege four separate bases pursuant to which it could attempt to prove [d]efendant's guilt of the single count of manufacturing a controlled substance," the Court of Appeals concluded that "it was necessary that *all four* of those bases were alleged with sufficiency" in the indictment in order "to confer jurisdiction on the trial court for the manufacturing charge," with "[t]he omission of the element of intent from the indictment charging [d]efendant of manufacturing a controlled substance constitut[ing] a fatal defect." *Id.* at ___, 816 S.E.2d at 211.

On 24 May 2018, the State filed a petition seeking discretionary review of the Court of Appeals' decision. In its petition, the State argued that "[a]n indictment alleging a violation of Section 90-95(a)(1) need not contain allegations negating every statutory exclusion," citing *State v. Land*, 223 N.C. App. 305, 311, 733 S.E.2d 588, 592 (2012), *aff'd*, 366 N.C. 550, 742 S.E.2d 803 (2013) (holding that an indictment

charging the unlawful delivery of marijuana did not need to allege that the defendant had received no remuneration on the grounds that, since the defendant's guilt could be proved by either evidence of a transfer of more than five grams or a transfer for remuneration and since, as stated in *Land*, "the methods of proof set out in [Section] 90-95(b)(2) are mere evidentiary matters, they need not be included in the indictment" (alterations in the petition)). In addition, the State contended that "it was not necessary to specify the manner of manufacturing, and the terms 'producing, preparing, propagating, and processing' may be disregarded as surplusage," citing *State v. Miranda*, 235 N.C. App. 601, 607, 762 S.E.2d 349, 354 (2014). According to the State, even though "intent to distribute is an 'element' of manufacturing, in the sense that the State has to disprove preparation for personal use at trial," "it does not follow that intent to distribute is an element, in the sense that an indictment which omits it is fatally defective." As a result of the fact that this case represents the first occasion upon which "the Court of Appeals [found] an indictment for manufacturing defective for failure to allege intent to distribute" and "created an entirely new rule for indictments without notice or hearing from either of the parties on appeal," the State urged us to grant further review in this case.[1] On 5 December 2018, the Court granted the State's discretionary review petition.

---

[1] Defendant did not file a response to the State's discretionary review petition.

In seeking to persuade us to reverse the Court of Appeals' decision in this case, the State begins by arguing that "[a]n indictment need not contain 'allegations of an evidentiary nature,' " citing N.C.G.S. §15A-924(a)(5) (2015), with such unnecessary allegations "includ[ing] methods of proving such crimes." Although an indictment must, "[e]xcept where a short form is authorized," "allege all the essential elements of the offense," citing *State v. Jerrett*, 309 N.C. 239, 259, 307 S.E.2d 339, 350 (1983), "[e]videntiary matters need not be alleged," quoting *State v. Coker*, 312 N.C. 432, 437, 323 S.E.2d 343, 347 (1984). In addition, the State asserts that "[t]he use of a conjunctive . . . does not require the State to prove various alternative matters alleged," quoting *State v Montgomery*, 331 N.C. 559, 569, 417 S.E.2d 742, 747 (1992) (alterations in original). As a result, the State contends that "[a]n indictment is not fatally defective so long as one of the alternatives stated sufficiently alleges an offense," citing *State v. Ellis*, 368 N.C. 342, 347, 776 S.E.2d 675, 679 (2015).

As the Court of Appeals concluded in *Childers*, 41 N.C. App. at 732, 255 S.E.2d at 656-57, and this Court concluded in *Brown*, 310 N.C. at 568, 313 S.E.2d at 588, "the offense of manufacturing a controlled substance does not require an intent to distribute unless the activity constituting manufacture is preparation or compounding," *id.* at 568, 313 S.E.2d at 588. Arguing in reliance upon the Court of Appeals' decision in *Land*, 223 N.C. App. at 310-11, 733 S.E. 2d at 592, the State contends that, since the "ultimate fact" that the State must establish to support a manufacturing marijuana conviction is "manufacture" and since the various methods

of manufacture "are evidentiary matters that need not be included in the indictment," citing *Coker*, 312 N.C. at 437, 323 S.E.2d at 347 (stating that "[e]videntiary matters need not be alleged"), there was no need for the indictment returned for the purpose of charging defendant with manufacturing marijuana in this case to allege that defendant acted with an "intent to distribute."

Although the indictment returned against defendant for the purpose of charging him with manufacturing marijuana did allege that he committed the offense in question "by producing, preparing, propagating and processing" marijuana, the State contends that these allegations are "harmless surplusage and may properly be disregarded," citing *State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997). Even if alleging that defendant acted with the "intent to distribute" was necessary to charge defendant with manufacturing marijuana by "preparing," the absence of such an "intent to distribute" allegation did "not invalidate the indictment" given that "[a]lleging various methods of proof did not obligate the State to prove each one," citing *Montgomery*, 331 N.C. at 569, 417 S.E.2d at 747, and *Ellis*, 368 N.C. at 347, 776 S.E.2d at 679. As a result, since "[t]he Court of Appeals' . . . assertion that the State must prove each alternative method of proof alleged in the indictment is flatly contradicted by this Court's binding precedent," citing *Montgomery*, 331 N.C. at 569, 417 S.E.2d at 747, and *State v. Birdsong*, 325 N.C. 418, 422, 384 S.E.2d 5, 8 (1989), the State contends that the "Court of Appeals erred in finding the omission [of an

'intent to distribute' allegation] 'tainted' the indictment, which sufficiently alleged manufacture by other means."

In arguing that the Court should affirm the Court of Appeals' decision to vacate his attempted manufacturing marijuana conviction, defendant contends that, "if 'intent to distribute' is an element of the crime of manufacturing marijuana by preparation, and the State chooses to allege manufacturing by preparation, then 'with intent to distribute' must also be alleged within the bill of indictment." In light of this Court's decision in *Brown*, 310 N.C. at 569, 313 S.E.2d at 588, that "intent to distribute is an essential element of the felony of manufacturing marijuana by preparation" and the fact that "preparation is included within the manufacturing indictment," defendant contends that an " 'intent to distribute' must also be included." In defendant's view, the State's reliance upon the Court of Appeals' decision in *Land*, 223 N.C. App. at 310-11, 733 S.E. 2d at 592, is misplaced given that *Land* "involved delivery of a controlled substance rather than manufacturing[.]" After conceding that the Court of Appeals' logic appears to conflict with this Court's decision in *Montgomery*, 331 N.C. at 569, 417 S.E.2d at 747, concerning the effect of the use of disjunctive language in indictments, defendant contends that this apparent error does not necessitate a decision to overturn the Court of Appeals' decision in light of the Court of Appeals' express statement that the language in question "d[id] not impact [its] jurisdictional analysis." As a result, given that the State chose "to word the indictment as it did," defendant asserts that the Court of Appeals correctly held

that "the jury was allowed to convict [d]efendant on a theory of manufacturing a controlled substance that was not supported by a valid indictment."

According to well-established North Carolina law, "a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony."[2] *State v. Campbell*, 368 N.C. 83, 86, 772 S.E.2d 440, 443 (2015) (quoting *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) (citations omitted)). N.C.G.S. § 15A-924(a)(5) requires that a criminal pleading contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." N.C.G.S. § 15A-924(a)(5) (2017). Thus, "an indictment 'must allege lucidly and accurately all the essential elements of the offense endeavored to be charged.'" *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (citation omitted), *cert. denied*, 539 U.S. 985, 124 S. Ct. 44, 156 L. Ed. 2d 702 (2003). Put another way, an indictment suffices to charge a defendant with a criminal offense if the defendant would be guilty of committing a crime if the jury found beyond a reasonable doubt that the defendant had acted in the manner described in the

---

[2] As a result of the fact that an indictment will support a conviction "of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime," N.C.G.S. § 15-170 (2017), defendant's conviction for the attempted manufacture of marijuana rested upon the indictment returned against him for the purpose of charging him with manufacturing marijuana.

indictment. "A valid indictment, among other things, serves to 'identify the offense' being charged with certainty, to 'enable the accused to prepare for trial,' and to 'enable the court, upon conviction, to pronounce [the] sentence.'" *State v. Rankin*, 371 N.C. 885, 886, 821 S.E.2d 787, 790 (2018) (quoting *State v. Saults*, 294 N.C. 722, 726, 242 S.E.2d 801, 805 (1978)). The facial validity of an indictment "should be judged based solely upon the language of the criminal pleading in question without giving any consideration to the evidence that is ultimately offered in support of the accusation contained in that pleading." *Ellis*, 368 N.C. at 347, 776 S.E.2d at 679. "The alleged failure of a criminal pleading to charge the essential elements of a stated offense is an error of law that this Court reviews de novo." *State v. Williams*, 368 N.C. 620, 622, 781 S.E.2d 268, 270 (2016) (citing *Sturdivant*, 304 N.C. at 308-11, 283 S.E.2d at 729-31). As a result, the ultimate issue for our consideration in this case is whether the allegations contained in the indictment returned against defendant for the purpose of charging him with manufacturing marijuana, if sustained by proof, suffice to establish his guilt of the offense in question.

N.C.G.S. § 90-95(a)(1) makes it unlawful "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance," N.C.G.S. § 90-95(a)(1) (Supp. 2018), with "manufacture" being defined as including "the production, preparation, propagation, compounding, . . . or processing of a controlled substance by any means," but excluding "the preparation or compounding of a controlled substance by an individual for his own use," *id.* § 90-87(15) (2017). In light

of the relevant statutory language, this Court held in *Brown* that "the offense of manufacturing a controlled substance does not require an intent to distribute unless the activity constituting manufacture is preparation or compounding." *Brown*, 310 N.C. at 568, 313 S.E.2d at 588. As a result, this Court has clearly held that, to establish a defendant's guilt of manufacturing a controlled substance by "preparing" or "compounding" that controlled substance, the State must prove beyond a reasonable doubt that the defendant "prepared" or "compounded" the controlled substance in question with the "intent to distribute" it.

Although the State argues that the ultimate fact that the State must prove to establish defendant's guilt of manufacturing a controlled substance in violation of N.C.G.S. § 90-95(a)(1) is that defendant "manufactured" the controlled substance in question and that the specific manner in which defendant "manufactured" that controlled substance need not be alleged in a valid indictment, we need not determine whether this argument is or is not valid to properly decide this case. As we have already noted, the indictment returned against defendant for the purpose of charging him with manufacturing marijuana alleged the defendant "did manufacture [marijuana] . . . by producing, preparing, propagating and processing" it. Thus, the indictment at issue in this case alleged that defendant manufactured marijuana in four different ways, one of which required a showing of an "intent to distribute" in order for the State to obtain a conviction and three of which did not.

After acknowledging that certain of the ways in which defendant allegedly manufactured marijuana did not require proof that defendant acted with an "intent to distribute," the Court of Appeals concluded that "it was necessary that all four of those bases were alleged with sufficiency to confer jurisdiction on the trial court for the manufacturing charge." *Lofton*, ___ N.C. App. at ___, 816 S.E.2d at 211 (emphasis omitted). The result reached by the Court of Appeals with respect to this issue is, however, precluded by our prior indictment-related jurisprudence, which, as the State notes, establishes that "[t]he use of a conjunctive in the indictment does not require the State to prove various alternative matters alleged," *Montgomery*, 331 N.C. at 569, 417 S.E.2d at 747 (citing *State v. Williams*, 314 N.C. 337, 356, 333 S.E.2d 708, 721 (1985)), and that "[t]he use of the conjunctive form to express alternative theories of conviction is proper," *Birdsong*, 325 N.C. at 422-23, 384 S.E.2d at 7-8 (first citing *State v. Swaney*, 277 N.C. 602, 612, 178 S.E.2d 399, 405, *cert. denied*, 402 U.S. 1006, 91 S. Ct. 2199, 29 L. Ed. 2d 428 (1971); then citing *State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986) (stating that, while "the indictment may allege more than one purpose for the kidnapping, the State has to prove only one of the alleged purposes in order to sustain a conviction of kidnapping"); and then citing *State v. Gray*, 292 N.C. 270, 293, 233 S.E.2d 905, 920 (1977) (opining that, "[w]here an indictment sets forth conjunctively two means by which the crime charged may have been committed, there is no fatal variance between indictment and proof when the state offers evidence supporting only one of the means charged")). In the same vein,

we recently held, in a case in which the State alleged that "injury to personal property was committed against multiple entities, at least one of which is capable of owning property," that the "pleading is not facially invalid." *Ellis*, 368 N.C. at 347, 776 S.E.2d at 679. Assuming, without in any way deciding, that a valid indictment charging that a defendant manufactured a controlled substance by "preparing" or "compounding" must allege that the defendant acted with an intent to distribute, the indictment returned against defendant for the purpose of charging him with manufacturing a controlled substance in this case sufficed to give the trial court jurisdiction to enter judgment against defendant based upon his conviction for manufacturing marijuana given that it also alleged that defendant manufactured marijuana by "producing," "propagating," and "processing" it.

Although both the Court of Appeals and defendant assert that a decision to uphold the facial validity of the indictment returned against defendant for the purpose of charging him with manufacturing marijuana would allow the jury "to convict [d]efendant on a theory of manufacturing a controlled substance that was not supported by a valid indictment," *Lofton*, ___ N.C. App. at ___, 816 S.E.2d at 211, this concern rests upon a failure to recognize the difference between a challenge to the facial validity of an indictment, which raises a jurisdictional issue, and a challenge to the trial court's instructions, which does not. Simply put, the concern expressed by the Court of Appeals and defendant is properly raised by challenging the trial court's decision to instruct the jury that it could convict defendant on the basis of a theory

not supported by the indictment rather than on the basis of a challenge to the facial validity of the indictment. However, given that the issue before us in this case is whether the indictment returned against defendant for the purpose of charging him with manufacturing marijuana was fatally defective rather than whether the trial court erroneously instructed the jury on the basis of a theory that had not been alleged in the relevant indictment, the concern expressed by both the Court of Appeals and defendant has no bearing upon the proper resolution of the issue that is before us in this case.

Thus, for all of these reasons, we hold that the indictment returned against defendant for the purpose of charging him with manufacturing marijuana was not fatally defective and that the Court of Appeals erred by reaching a contrary conclusion. As a result, the Court of Appeals' decision is reversed and this case is remanded to the Court of Appeals for consideration of defendant's challenge to the sufficiency of the evidence to support his attempted manufacturing marijuana conviction.

REVERSED AND REMANDED.

Justice DAVIS did not participate in the consideration or decision of this case.